R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>SOUTH BAY EXPRESSWAY, L.P.<br>(Case No. 10-04516)<br><br>Debtor.<br><br>Tax ID No. XX-XXX9083 | Chapter 11<br><br>**NOTICE OF FIRST DAY MOTION AND FIRST DAY MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**<br><br>Date:    TBD<br>Time:   TBD<br>Place:   The Jacob Weinberger U.S. Courthouse<br>             Courtroom 118<br>             325 West F Street<br>             San Diego, California 92101 |
| In re:<br><br>CALIFORNIA TRANSPORTATION VENTURES, INC.<br>(Case No. 10-04518)<br><br>Debtor.<br><br>Tax ID No. XX-XXX5119 | |

K&E 16274724.10

TO THE HONORABLE LOUISE D. ADLER, UNITED STATES BANKRUPTCY JUDGE, SECURED CREDITORS, THE CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS, AND THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that South Bay Expressway, L.P. and California Transportation Ventures, Inc., as debtors and debtors in possession (collectively, the "Debtors"), file this motion (together with the accompanying Memorandum of Points and Authorities, this "Motion") for the entry of an order (the "Order") directing joint administration of their related chapter 11 cases. The bases for the relief requested in this Motion are set forth in the following Memorandum of Points and Authorities and in the *Declaration of Anthony G. Evans, Chief Financial Officer of South Bay Expressway, L.P., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed concurrently with this Motion and incorporated herein by reference.

PLEASE TAKE FURTHER NOTICE that the United States Bankruptcy Court for the Southern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 101(2) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 1015-2 and 9014-5 of the Local Rules of the United States Bankruptcy Court for the Southern District of California (the "Local Bankruptcy Rules"), and the Court's Guidelines for First Day Motions in Appendix D1 of the Local Bankruptcy Rules.

PLEASE TAKE FURTHER NOTICE that in accordance with Local Bankruptcy Rule 2002-4 and Appendix D1 of the Local Bankruptcy Rules, the Debtors have provided notice of this Motion by facsimile, personal service, or other electronic means (by consent) to: (a) the Office of the United States Trustee for the Southern District of California (the "U.S. Trustee"); (b) the entities

2

listed on the lists of creditors holding the 20 largest unsecured claims; (c) counsel to the agent for the Debtors' prepetition senior loan agreement; (d) counsel to the lender under the Debtors' prepetition TIFIA loan agreement; (e) the United States Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Attorney for the Southern District of California; (h) the United States Department of Transportation; and (i) the State of California Department of Transportation ("Caltrans") (collectively, the "Notice Parties"). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

Within two business days after the entry of the Order, the Debtors will serve a conformed copy of the Order on the Notice Parties and on such other entities as the Court may direct. A proof of service shall be filed with the Court no later than the next business day following the date of service.

*[Remainder of Page Intentionally Left Blank]*

K&E 16274724.10

PLEASE TAKE FURTHER NOTICE THAT THIS IS A FIRST DAY MOTION FILED IN ACCORDANCE WITH APPENDIX D1 OF THE LOCAL BANKRUPTCY RULES.  AS SET FORTH IN APPENDIX D1 OF THE LOCAL BANKRUPTCY RULES, ANY PARTY IN INTEREST WHO OPPOSES THIS MOTION SHALL IMMEDIATELY NOTIFY THE JUDGE'S LAW CLERK OF ITS POSITION BY TELEPHONE AT 619-557-5623.  NO WRITTEN OPPOSITION SHALL BE FILED TO THIS MOTION UNLESS THE COURT OTHERWISE DIRECTS.  PLEASE NOTE THAT THE FAILURE TO NOTIFY THE COURT OF OPPOSITION TO THIS MOTION MAY BE DEEMED TO BE CONSENT TO THE RELIEF REQUESTED, AND THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE OR A HEARING.

Dated: March 22, 2010
      San Diego, California

/s/ *R. Alexander Pilmer*
R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California  90071
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

# Table of Contents

I. Background. .................................................................................................................... 1

II. Relief Requested. ............................................................................................................ 3

III. Basis for Relief. .............................................................................................................. 4

IV. Conclusion. ..................................................................................................................... 7

K&E 16274724.10

**Table of Authorities**

**Cases**

*In re Fleetwood Enterprises, Inc.*,
　Case No. 09-14254 (MJ) (Bankr. C.D. Cal. Mar. 11, 2009) .......................................................... 5

*In re Lear Corp.*,
　Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. Jul. 7, 2009) ............................................................ 5

*In re Masonite Corp.*,
　Case No. 09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009) ........................................................... 5

*In re Meruelo Maddux Props., Inc.*,
　Case No. 09-13356 (KT) (Bankr. C.D. Cal. Apr. 7, 2009) ............................................................. 5

*In re Party City of San Diego*,
　Case No. 09-02734 (JM) (Bankr. S.D. Cal. Mar. 6, 2009) ............................................................. 4

*In re Stallion Oilfield Srvcs. Ltd.*,
　Case No. 09-13562 (BLS) (Bankr. D. Del. Oct. 20, 2009) ............................................................ 5

*In re Visteon Corp.*,
　Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009) ............................................................ 5

*In re Walking Co.*,
　Case No. 09-15138 (RR) (Bankr. C.D. Cal. Dec. 16, 2009) .......................................................... 4

**Statutes**

11 U.S.C. § 1107(a) ............................................................................................................................. 1

11 U.S.C. § 1108 ................................................................................................................................. 1

11.U.S.C. § 101(2) .............................................................................................................................. 4

**Other Authorities**

Bankruptcy Rule 1015(b) ............................................................................................................ 1, 3, 4

Local Bankruptcy Rule 1015-1 ........................................................................................................... 3

Local Bankruptcy Rule 1015-2 ........................................................................................................... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Background.**

On the date hereof (the "Petition Date"), South Bay Expressway, L.P., a California limited partnership, and its general partner, California Transportation Ventures, Inc., a California corporation (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently herewith, the Debtors filed a motion seeking joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

The Debtors developed and operate a four-lane, nine-mile express toll road in Southern California commonly referred to as the South Bay Expressway or State Road 125 (the "Expressway").  The Expressway extends from Spring Valley to Otay Mesa and provides fast and convenient access to and from Mexico and communities across San Diego County, relieves traffic congestion, and reduces travel time for commuters in the South Bay and Otay Mesa regions.  Since opening on November 19, 2007, the Expressway has carried over 21 million vehicle trips with traffic on weekdays averaging over 25,000 vehicle trips and weekend traffic averaging over 16,000 vehicle trips.

The Expressway represents a first-of-its-kind public-private collaboration and environmental commitment.  The Debtors operate the Expressway pursuant to a 35-year franchise agreement with Caltrans that allows the Debtors to set market rate tolls to recover their investment over the life of the franchise agreement.  The Debtors financed the construction of the Expressway using an innovative and unique financial structure that includes the first-ever loan facility provided to a private toll road operator by the United States Department of Transportation under the Transportation Infrastructure Finance and Innovation Act of 1998, a private term loan, private equity

1

K&E 16274724.10

capital investment, and private right of way donations facilitated by the City of Chula Vista. The development of the Expressway also included an unprecedented $20 million environmental program, involving the purchase of more than 1,000 acres of native habitat as a permanent open space preserve, as well as a comprehensive program to preserve natural wildlife habitat.

Unfortunately for the Debtors, the Expressway opened amid the collapse of the sub-prime housing market, in which the South Bay area was hit particularly hard. Further, as is now well-documented, the capital markets collapsed in 2008. These factors halted development projects previously planned for the area surrounding the Expressway and led to a significant increase in area unemployment. As a result, the Expressway, which was designed to attract commuters and support new development in the area, has suffered from declining traffic levels.

In addition, the Debtors have expended well over $40 million over the past three and a half years defending a number of actions commenced by contractors against, among others, the Debtors, which actions are described in more detail in the First Day Declaration. Despite the extraordinary amounts of money the Debtors have incurred to date in connection with those litigation proceedings, the proceedings remain in the early stages of litigation. Moreover, the Debtors expect to continue to incur similarly significant amounts to continue to defend those actions. The costs associated with such proceedings represent a significant drain on the Debtors' limited assets and resources.

In light of the substantial and ongoing litigation costs and current and expected market conditions—including a still-weakened housing market and lack of new development, which have inhibited both population and employment growth in the corridor surrounding the Expressway—the Debtors commenced these chapter 11 proceedings in order to restructure their financial obligations and delever their balance sheet. In connection therewith, the Debtors have engaged in discussions with their key stakeholders. Unfortunately, due to a lack of resources to fund upcoming litigation and arbitration hearings (let alone pay any judgments that might be entered against the Debtors) and

an inability to resolve the proceedings prior to seeking chapter 11 relief, the Debtors will use the chapter 11 process to address the litigation, restructure their obligations, and deleverage their balance sheet.  The Debtors have been and will continue to work with their key stakeholders to develop, negotiate, and implement, to the extent possible, a fully consensual restructuring to the benefit of the public for the remaining term of the Franchise Agreement, which currently extends to 2042.

The Debtors' corporate headquarters are located in San Diego, California, where they employ 53 people.  For the fiscal year ending June 30, 2009, the Debtors had total revenues of approximately $21 million and adjusted EBITDA of approximately $3 million.  As of the Petition Date, the Debtors had approximately $640 million in book value of total assets and approximately $570 million in book value of total liabilities.

## II.     Relief Requested.

The Debtors seek entry of an order directing joint administration of their related chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only.  Specifically, the Debtors request that the Court maintain one file and one docket for these chapter 11 cases under the lead case of South Bay Expressway, L.P. ("SBX"), and that these chapter 11 cases be administered under the caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>SOUTH BAY EXPRESSWAY, L.P. and CALIFORNIA TRANSPORTATION VENTURES, INC.,[1]<br><br>          Debtors. | Case No. 10-04516-LA11<br><br>Chapter 11<br><br>Jointly Administered with Case No. 10-04518<br><br>**[PLEADING TITLE]**<br><br>Date:   TBD<br>Time:  TBD<br>Place:  The Jacob Weinberger U.S. Courthouse<br>          Courtroom 118<br>          325 West F Street<br>          San Diego, California 92101 |

The Debtors also request that an entry be made on the docket of California Transportation Ventures, Inc. ("CTV"), to reflect the joint administration of these chapter 11 cases, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of California Directing joint administration of the chapter 11 cases of:  California Transportation Ventures, Inc. and South Bay Expressway, L.P.  All further pleadings, motions, operating reports, and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-04516-LA11.

Finally, the Debtors request that combined service lists be used for these chapter 11 cases, combined notices be sent to the creditors of the Debtors' estates, a single claim register be maintained, and that any deviation from these procedures will be by an order of the Court.

**III.    Basis for Relief.**

Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint

---

[1] Pursuant to section 342(c)(1) of title 11 of the United States Code, the last four digits of each debtor's federal tax identification number are:  South Bay Expressway, L.P. (9083) and California Transportation Ventures, Inc. (5119). The location of the debtors' corporate headquarters and the debtors' service address is:  1129 La Media Road, San Diego, California  91914.

4

administration of the estates." Local Bankruptcy Rule 1015-2 provides additional authority for the Court to order joint administration of these chapter 11 cases by stating that "a case is deemed related to another case….[if] the debtor in one case is a general partner of the debtor in the other case….[and] the debtor in one case is an "affiliate," as that term is defined at 11.U.S.C. § 101(2)…." SBX and CTV are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code, Bankruptcy Rules, and the Local Bankruptcy Rules authorize the Court to grant the relief requested herein.

Joint administration is generally non-controversial, and courts in many districts routinely order joint administration of multiple related chapter 11 cases. *See, e.g.*, *In re Party City of San Diego*, Case No. 09-02734 (JM) (Bankr. S.D. Cal. Mar. 6, 2009); *In re Walking Co.*, Case No. 09-15138 (RR) (Bankr. C.D. Cal. Dec. 16, 2009); *In re Fleetwood Enters., Inc.*, Case No. 09-14254 (MJ) (Bankr. C.D. Cal. Mar. 11, 2009); *In re Meruelo Maddux Props., Inc.*, Case No. 09-13356 (KT) (Bankr. C.D. Cal. Apr. 7, 2009); *see also In re Lear Corp.*, Case No. 14326 (ALG) (Bankr. S.D.N.Y. Jul. 7, 2009); *In re Stallion Oilfield Srvcs. Ltd.*, Case No. 09-13562 (BLS) (Bankr. D. Del. Oct. 20, 2009); *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009); *In re Masonite Corp.*, Case No. 09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009).[1]

Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

Moreover, joint administration will not adversely affect the Debtor's respective

---

[1] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders are available on request of the Debtors' counsel.

5

constituencies because this Motion requests only administrative, not substantive, consolidation of the estates. Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

*[Remainder of Page Intentionally Left Blank]*

**IV.     Conclusion.**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other further relief as is just and proper.  No prior request for the relief sought in this Motion has been made to this or any other court.

Dated: March 22, 2010　　　　　　　　　　 /s/ *R. Alexander Pilmer*
　　　　San Diego, California　　　　　　　 R. Alexander Pilmer (CA 166196)
　　　　　　　　　　　　　　　　　　　　　 **KIRKLAND & ELLIS LLP**
　　　　　　　　　　　　　　　　　　　　　 333 South Hope Street
　　　　　　　　　　　　　　　　　　　　　 Los Angeles, California  90071
　　　　　　　　　　　　　　　　　　　　　 Telephone:    (213) 680-8400
　　　　　　　　　　　　　　　　　　　　　 Facsimile:     (213) 680-8500

　　　　　　　　　　　　　　　　　　　　　 James H.M. Sprayregen, P.C. (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　 Marc Kieselstein, P.C. (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　 Chad J. Husnick (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　 Meredith L. Shafe (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　 **KIRKLAND & ELLIS LLP**
　　　　　　　　　　　　　　　　　　　　　 300 North LaSalle Street
　　　　　　　　　　　　　　　　　　　　　 Chicago, Illinois 60654
　　　　　　　　　　　　　　　　　　　　　 Telephone:    (312) 862-2000
　　　　　　　　　　　　　　　　　　　　　 Facsimile:     (312) 862-2200

　　　　　　　　　　　　　　　　　　　　　 Proposed Attorneys for the Debtors
　　　　　　　　　　　　　　　　　　　　　 and Debtors in Possession

# **EXHIBIT A**

**Proposed Order**

| | |
|---|---|
| R. Alexander Pilmer (CA 166196)<br>**KIRKLAND & ELLIS LLP**<br>333 South Hope Street<br>Los Angeles, California  90071<br>Telephone:   (213) 680-8400<br>Facsimile:   (213) 680-8500<br><br>James H.M. Sprayregen, P.C. (*pro hac vice* pending)<br>Marc Kieselstein, P.C. (*pro hac vice* pending)<br>Chad J. Husnick (*pro hac vice* pending)<br>Meredith L. Shafe (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle Street<br>Chicago, Illinois  60654<br>Telephone:   (312) 862-2000<br>Facsimile:   (312) 862-2200<br><br>Proposed Attorneys for the Debtors<br>and Debtors in Possession | |

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California  92101-6991

| | |
|---|---|
| In re:<br><br>SOUTH BAY EXPRESSWAY, L.P. and CALIFORNIA TRANSPORTATION VENTURES, INC.,<br><br>Debtors. | BANKRUPTCY NO.  10-04516-LA11<br><br>Date of Hearing:<br>Time of Hearing:<br>Name of Judge: Louise D. Adler |

**ORDER ON**

First Day Motion for Entry of an Order Directing Joint Administration of Related Chapter 11 Cases

IT IS ORDERED THAT the relief sought as set forth on the continuation pages and numbered _____ through _____, with exhibits, if any, for a total of _____ pages, is granted.  Motion Docket Entry No. _____.

Dated:

Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief on the Order is the relief granted by the Court.

_____
Judge, United States Bankruptcy Court

Submitted by:

Kirkland & Ellis LLP
_____
(Firm Name)

By:   *R. Alexander Pilmer*
       _____
       Attorney for  ☒ Movant  ☐ Respondent

K&E 16274724.10

ORDER ON:  First Day Motion for Entry of an Order Directing Joint Administration of Related Chapter 11 Cases
DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.
CASE NO:  10-04516-LA11

Upon the motion (the "Motion")[1] for entry of an order (this "Order") directing the joint administration of South Bay Expressway, L.P. and California Transportation Ventures, Inc.'s related chapter 11 cases (collectively, the "Debtors"), all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, its creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS SO ORDERED THAT:

    1.    The Motion is granted as set forth herein.

    2.    The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the lead case of South Bay Expressway, L.P., Case No. 10-04516.

    3.    The caption of the jointly administered cases shall read as follows:

---

[1] All capitalized terms used but otherwise not defined herein shall have meanings set forth in the Motion.

2

K&E 16274724.10

ORDER ON:  First Day Motion for Entry of an Order Directing Joint Administration of Related Chapter 11 Cases
DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.
CASE NO:  10-04516-LA11

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SOUTH BAY EXPRESSWAY, L.P. and CALIFORNIA TRANSPORTATION VENTURES, INC.,[1]<br><br>      Debtors. | Case No. 10-04516-LA11<br><br>Chapter 11<br><br>Jointly Administered with<br>Case No. 10-04518<br><br>**[PLEADING TITLE]**<br><br>Date: TBD<br>Time: TBD<br>Place: The Jacob Weinberger U.S. Courthouse<br>    Courtroom 118<br>    325 West F Street<br>    San Diego, California 92101 |

  4. An entry shall be made on the docket of California Transportation Ventures, Inc., that is substantially similar to the following:

    An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of California Directing joint administration of the chapter 11 cases of:  California Transportation Ventures, Inc. and South Bay Expressway, L.P.  All further pleadings, motions, operating reports, and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-04516.

  5. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of California shall keep, one consolidated docket, one file, and one consolidated service list.

  6. The Debtors are authorized to use combined service lists for the cases, combined notices for creditor notifications, and maintain a single claims register.

  7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

  8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

---

[1] Pursuant to section 342(c)(1) of title 11 of the United States Code, the last four digits of each debtor's federal tax identification number are:  South Bay Expressway, L.P. (9083) and California Transportation Ventures, Inc. (5119).  The location of the debtors' corporate headquarters and the debtors' service address is:  1129 La Media Road, San Diego, California  91914.

3

K&E 16274724.10

ORDER ON:  First Day Motion for Entry of an Order Directing Joint Administration of Related Chapter 11 Cases
DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.
CASE NO:  10-04516-LA11

      9.      Any deviation from these procedures will be by the order of the Court.

      10.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

IT IS SO ORDERED.

4