R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SOUTH BAY EXPRESSWAY, L.P. and CALIFORNIA TRANSPORTATION VENTURES, INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-04516-LA11<br><br>(Joint Administration Requested with Case No. 10-04518)<br><br>**NOTICE OF FIRST DAY MOTION AND FIRST DAY MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY INTERIM COMPENSATION TO INSIDERS; DECLARATIONS IN SUPPORT THEREOF**<br><br>Date: TBD<br>Time: TBD<br>Place: The Jacob Weinberger U.S. Courthouse<br>Courtroom 118<br>325 West F Street<br>San Diego, California 92101 |

---

[1] Pursuant to section 342(c)(1) of title 11 of the United States§ Code, the last four digits of each debtor's federal tax identification number are: South Bay Expressway, L.P. (9083) and California Transportation Ventures, Inc. (5119). The location of the debtors' corporate headquarters and the debtors' service address is: 1129 La Media Road, San Diego, California 91914.

TO THE HONORABLE LOUISE D. ADLER, UNITED STATES BANKRUPTCY JUDGE, SECURED CREDITORS, THE CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS, AND THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that South Bay Expressway, L.P. and California Transportation Ventures, Inc., as debtors and debtors-in-possession (collectively, the "Debtors"), file this motion (together with the accompanying Memorandum of Points and Authorities, this "Motion") for entry of an order (the "Order") authorizing, but not directing, the Debtors to pay compensation to the SBX Insiders for 60 days, on an interim basis pending entry of a final order and on a final basis either: (a) after the requisite notice period has expired in accordance with Rule 2002-2 of the Local Bankruptcy Rules for the Southern District of California (the "Local Bankruptcy Rules") or (b) upon notice and hearing in the event an objection to this Motion is filed pursuant to Local Bankruptcy Rule 2002-2(d).

The bases for the relief requested in this Motion are set forth in the following Memorandum of Points and Authorities, the *Declaration of Anthony G. Evans in Support of the Debtors' First Day Motions* (the "First Day Declaration"), filed concurrently with this Motion and incorporated herein by reference., the *Declaration of Greg Hulsizer in Support of First Day Motion of the Debtors Authorizing, But Not Directing, the Debtors' to Compensate Insiders* (the "Hulsizer Declaration"), the *Declaration of Anthony G. Evans in Support of the First Day Motion of the Debtors Authorizing, But Not Directing, the Debtors to Compensate Insiders* (the "Evans Declaration"), the *Declaration of Theresa Weekes in Support of the First Day Motion of the Debtors; Authorizing, But Not Directing, the Debtors to Compensate Insiders* (the "Weekes Declaration"), and the *Declaration of Shane Savgur in Support of the First Day Motion of the Debtors; Authorizing, But Not Directing,*

K&E 16374842.26

*the Debtors to Compensate Insiders* (the "Savgur Declaration"), annexed as Exhibits B-E to this Motion.

PLEASE TAKE FURTHER NOTICE that the United States Bankruptcy Court for the Southern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a), 363(c), and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002-2, 4002-2, and 9014-5 of the Local Bankruptcy Rules, and the Court's Guidelines for First Day Motions in Appendix D1 of the Local Bankruptcy Rules.

PLEASE TAKE FURTHER NOTICE that in accordance with Local Bankruptcy Rule 2002-4 and Appendix D1 of the Local Bankruptcy Rules, the Debtors have provided notice of this Motion by facsimile, personal service, or other electronic means (by consent) to: (a) the Office of the United States Trustee for the Southern District of California (the "U.S. Trustee"); (b) the entities listed on the lists of creditors holding the 20 largest unsecured claims; (c) counsel to the agent for the Debtors' prepetition senior loan agreement; (d) counsel to the lender under the Debtors' prepetition TIFIA loan agreement; (e) the United States Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Attorney for the Southern District of California; (h) the United States Department of Transportation; and (i) the State of California Department of Transportation ("Caltrans") (collectively, the "Notice Parties"). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

Within two business days after the entry of the Order, the Debtors will serve a conformed copy of the Order on the Notice Parties and on such other entities as the Court may direct. A proof

of service shall be filed with the Court no later than the next business day following the date of service.

PLEASE TAKE FURTHER NOTICE THAT THIS IS A FIRST DAY MOTION FILED IN ACCORDANCE WITH APPENDIX D1 OF THE LOCAL BANKRUPTCY RULES.  AS SET FORTH IN APPENDIX D1 OF THE LOCAL BANKRUPTCY RULES, ANY PARTY IN INTEREST WHO OPPOSES THIS MOTION SHALL IMMEDIATELY NOTIFY THE JUDGE'S LAW CLERK OF ITS POSITION BY TELEPHONE AT (619) 557-5623.  NO WRITTEN OPPOSITION SHALL BE FILED TO THIS MOTION UNLESS THE COURT OTHERWISE DIRECTS.  PLEASE NOTE THAT THE FAILURE TO NOTIFY THE COURT OF OPPOSITION TO THIS MOTION MAY BE DEEMED TO BE CONSENT TO THE RELIEF REQUESTED, AND THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE OR A HEARING.

Dated: March 22, 2010　　　　　　/s/ R. Alexander Pilmer
　　　San Diego, California　　　R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California  90071
Telephone:　(213) 680-8400
Facsimile:　(213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:　(312) 862-2000
Facsimile:　(312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>Table of Contents</u>

I.      Background. ..............................................................................................................1

II.     Relief Requested. .....................................................................................................3

III.    SBX's Management Team. .......................................................................................4

        A.      Greg Hulsizer's Qualifications. ....................................................................4

        B.      Anthony G. Evans' Qualifications. ...............................................................6

        C.      Theresa Weekes' Qualifications. ..................................................................7

        D.      Shane Savgur's Qualifications. .....................................................................7

IV.     Basis for Relief. .......................................................................................................8

        A.      It is Appropriate for the Debtors to Compensate the SBX Insiders in the
                Ordinary Course of Business. ........................................................................8

        B.      Failure to Honor Employee Obligations Within 21 Days of the Petition Date
                Would Cause Immediate and Irreparable Harm. ........................................12

V.      Conclusion. ............................................................................................................13

1

## Table of Authorities

**Cases**

*In re Dana Corp.,*
  358 B.R. 567 (Bankr. S.D.N.Y. 2006) ......................................................................... 10

*In re Fili Enters. Inc.,*
  Case No. 10-00324 (PWB) (Bankr, S.D. Cal. Jan. 14, 2010) .................................. 11

*In re Hooper, Goode Realty,*
  60 B.R. 328 (Bankr. S.D. Cal. 1986) ......................................................................... 9

*In re Imperial Capital Bancorp, Inc.,*
  Case No. 09-19431 (LDA) (Bankr. S.D. Cal. Mar. 10, 2010) ................................. 11

*In re Metabolife Int'l Inc.,*
  Case No. 05-06040 (PWB) (Bankr. S.D. Cal. July 01, 2005) ................................. 11

*In re Protocol Serv. Inc., et al.,*
  Case No. 05-06782 (JWM) (Bankr. S.D. Cal. July 27, 2005) ................................. 11

*In re Pulse-Link, Inc.,*
  Case No. 09-17333 (LST) (Bankr. S.D. Cal. Dec. 9, 2009) .................................... 11

*Matter of All Seasons Indus., Inc.,*
  121 B.R. 822 (Bankr. N.D. Ind. 1990) ...................................................................... 10

**Statutes**

11 U.S.C. § 101(31) ....................................................................................................... 8

11 U.S.C. § 101(31)(C)(i)-(v) ....................................................................................... 8

11 U.S.C. § 105(a) ......................................................................................................... 9

11 U.S.C. § 1107(a) ....................................................................................................... 1

11 U.S.C. § 1108 ............................................................................................................ 1

11 U.S.C. § 503(b)(1)(A) .............................................................................................. 9

11 U.S.C. § 503(c)(1) .................................................................................................... 11

**Rules**

Bankruptcy Rule 1015(b) .............................................................................................. 1

Bankruptcy Rule 6003 ................................................................................................... 12

Local Bankruptcy Rule 2002-2 ..................................................................................... 3

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

K&E 16374842.26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Local Bankruptcy Rule 2002-2(b) ................................................................................................ 3

Local Bankruptcy Rule 2002-2(d) ................................................................................................ 3

Local Bankruptcy Rule 4002-2 .................................................................................................... 3

Local Bankruptcy Rule 4002-2(a) ................................................................................................ 9

Local Bankruptcy Rule 4002-2(b) ................................................................................................ 8

Local Bankruptcy Rule 9014-5 .................................................................................................... 3

Local Bankruptcy Rule 9034-1(a)(3) ........................................................................................... 4

K&E 16374842.26

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Background.**

On the date hereof (the "Petition Date"), South Bay Expressway, L.P., a California limited partnership, and its general partner, California Transportation Ventures, Inc., a California corporation (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently herewith, the Debtors filed a motion seeking joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

The Debtors developed and operate a four-lane, nine-mile express toll road in Southern California commonly referred to as the South Bay Expressway or State Road 125 (the "Expressway").  The Expressway extends from Spring Valley to Otay Mesa and provides fast and convenient access to and from Mexico and communities across San Diego County, relieves traffic congestion, and reduces travel time for commuters in the South Bay and Otay Mesa regions.  Since opening on November 19, 2007, the Expressway has carried over 21 million vehicle trips with traffic on weekdays averaging over 25,000 vehicle trips and weekend traffic averaging over 16,000 vehicle trips.

The Expressway represents a first-of-its-kind public-private collaboration and environmental commitment.  The Debtors operate the Expressway pursuant to a 35-year franchise agreement with Caltrans that allows the Debtors to set market rate tolls to recover their investment over the life of the franchise agreement.  The Debtors financed the construction of the Expressway using an innovative and unique financial structure that includes the first-ever loan facility provided to a private toll road operator by the United States Department of Transportation under the Transportation Infrastructure Finance and Innovation Act of 1998, a private term loan, private equity

capital investment, and private right of way donations facilitated by the City of Chula Vista.  The development of the Expressway also included an unprecedented $20 million environmental program, involving the purchase of more than 1,000 acres of native habitat as a permanent open space preserve, as well as a comprehensive program to preserve natural wildlife habitat.

Unfortunately for the Debtors, the Expressway opened amid the collapse of the sub-prime housing market, in which the South Bay area was hit particularly hard.  Further, as is now well-documented, the capital markets collapsed in 2008.  These factors halted development projects previously planned for the area surrounding the Expressway and led to a significant increase in area unemployment.  As a result, the Expressway, which was designed to attract commuters and support new development in the area, has suffered from declining traffic levels.

In addition, the Debtors have expended well over $40 million over the past three and a half years defending a number of actions commenced by contractors against, among others, the Debtors, which actions are described in more detail in the First Day Declaration.  Despite the extraordinary amounts of money the Debtors have incurred to date in connection with those litigation proceedings, the proceedings remain in the early stages of litigation.  Moreover, the Debtors expect to continue to incur similarly significant amounts to continue to defend those actions.  The costs associated with such proceedings represent a significant drain on the Debtors' limited assets and resources.

In light of the substantial and ongoing litigation costs and current and expected market conditions—including a still-weakened housing market and lack of new development, which have inhibited both population and employment growth in the corridor surrounding the Expressway—the Debtors commenced these chapter 11 proceedings in order to restructure their financial obligations and delever their balance sheet.  In connection therewith, the Debtors have engaged in discussions with their key stakeholders.  Unfortunately, due to a lack of resources to fund upcoming litigation and arbitration hearings (let alone pay any judgments that might be entered against the Debtors) and

2

an inability to resolve the proceedings prior to seeking chapter 11 relief, the Debtors will use the chapter 11 process to address the litigation, restructure their obligations, and deleverage their balance sheet.  The Debtors have been and will continue to work with their key stakeholders to develop, negotiate, and implement, to the extent possible, a fully consensual restructuring to the benefit of the public for the remaining term of the Franchise Agreement, which currently extends to 2042.

The Debtors' corporate headquarters are located in San Diego, California, where they employ 53 people.  For the fiscal year ending June 30, 2009, the Debtors had total revenues of approximately $21 million and adjusted EBITDA of approximately $3 million.  As of the Petition Date, the Debtors had approximately $640 million in book value of total assets and approximately $570 million in book value of total liabilities.

## II.    Relief Requested.

Pursuant to Local Bankruptcy Rules 2002-2, 4002-2, and 9014-5 and Appendix D1 of the Local Bankruptcy Rules, the Debtors hereby request authorization to pay the salaries listed below to the SBX Insiders (as defined herein), representing the same amount that was paid to the SBX Insiders prior to the Petition Date in the ordinary course of business, and to provide the SBX Insiders with certain benefits, at the same level that the SBX Insiders received prepetition, on an interim basis for 60 days pending entry of a final order and on a final basis either:  (a) after the requisite notice period has expired in accordance with Local Bankruptcy Rule 2002-2 or (b) upon notice and hearing in the event an objection to this Motion is filed pursuant to Local Bankruptcy Rule 2002-2(d).[1]

---

[1]    By this motion, the Debtors are not seeking authority to pay any amounts on account of bonus, retention, or severance payments.  To the extent the Debtors seek to pay any such amount, the Debtors will file a separate motion to seek such relief.  Accordingly, the Debtors do not believe that section 503(c) of the Bankruptcy Code is implicated in any way in respect of the relief requested in this Motion

K&E 16374842.26

| SBX Insider | Position | Salary |
|---|---|---|
| Greg Hulsizer | Chief Executive Officer | $275,000/year |
| Anthony G. Evans | Chief Financial Officer | $240,000/year |
| Theresa Weekes | Chief Accounting Officer | $139,000/year |
| Shane Savgur | Chief Technology Officer | $139,000/year |

Pursuant to Local Bankruptcy Rule 9034-1(a)(3), the Debtors contacted the U.S. Trustee prior to the Petition Date with respect to the relief requested herein. The U.S. Trustee advised the Debtors that it had no objection to the relief requested herein as described in this Motion and provided in the Order.

The Debtors further request that all applicable financial institutions be authorized to receive, process, honor, and pay all checks presented for payment and to honor all electronic payment requests made by the Debtors related to the prepetition obligations described herein, whether such checks were presented or electronic requests were submitted prior to or after the Petition Date.

## III. SBX's Management Team.

The management team of SBX is comprised of Greg Hulsizer, the Chief Executive Officer ("CEO") of SBX, Anthony G. Evans, the Chief Financial Officer ("CFO") of SBX, Theresa Weekes, the Chief Accounting Officer ("CAO") of SBX, and Shane Savgur, the Chief Technology Officer ("CTO") of SBX (collectively, the "SBX Insiders"). A supporting declaration from each of the SBX Insiders is annexed hereto as Exhibits B-E, respectively, and incorporated herein by reference. Each of the SBX Insiders, like all of the Debtors' employees, is employed by SBX. Further, each SBX Insider is party to an employment agreement with SBX. Of the four SBX Insiders, only Mr. Hulsizer, the CEO, and Mr. Evans, the CFO, are an officer of the Debtors.

### A. Greg Hulsizer's Qualifications.

Greg Hulsizer joined SBX as its CEO in November 2003 and oversees all aspects of SBX's operations and strategy. Mr. Hulsizer's experience in the toll industry includes previous positions as Chief Executive Officer of Cofiroute Global Mobility, LLC, a leading provider of toll operations and

technical support services to the toll industry, and as General Manager of California Private Transportation, L.P., builder and operator of the SR-91 Express Lanes in Orange County, California. Mr. Hulsizer's experience prior to SBX also included approximately 13 years in public administration, as a City Manager, Deputy City Manager, and Director of Community Development, Public Works, and Redevelopment for the cities of San Clemente, Fontana, and Stanton, California. Mr. Hulsizer's approximately 13 years of experience in the toll industry and in public administration make him exceptionally well-qualified to maintain the position of the Debtors' CEO.

Mr. Hulsizer holds no ownership interest in the Debtors.  Mr. Hulsizer is paid an annual base salary of $275,000.  In addition, Mr. Hulsizer receives the following benefits: a housing allowance of $20,000 per year (payable in bi-weekly installments), a company-leased vehicle, and payment or reimbursement of fees and expenses related to memberships and participation in professional and business organization and other professional development activities and continuing education.[2]

Mr. Hulsizer also is able to participate in a number of benefit and insurance programs, including, among other things, medical, prescription drug, dental, and vision plans; flexible benefit plans; paid time off; workers compensation benefits; a 401(k) retirement savings plan; life, accident, and disability benefits; employee assistance programs; and other employee benefit plans (collectively, the "Employee Benefits") as described in the *First Day Motion of the Debtors for Entry of Interim and Final Orders Authorizing, but Not Directing, the Debtors to Honor Prepetition Obligations on Account of (a) Wages, Salaries, and Other Compensation; (b) Reimbursable Expenses; and (c) Employee Medical and Similar Benefits*, filed concurrently herewith.

---

[2]    Pursuant to his employment contract, Mr. Hulsizer is also eligible to receive certain performance-based bonus payments and severance payments.  Under this Motion, the Debtors are not seeking to pay any amounts on account of any such amounts to Mr. Hulsizer, or any other bonus, retention, or severance payments to the SBX Insiders.

The table below shows Mr. Hulsizer's salary for each of 2007, 2008, 2009, and 2010.

| Year | Salary |
|------|--------|
| 2007 | $260,000 |
| 2008 | $270,400 |
| 2009 | $270,400 |
| 2010 | $275,000 |

**B.      Anthony G. Evans' Qualifications.**

Anthony G. Evans joined SBX as its CFO in February 2003 and is primarily responsible for monitoring and controlling all financial, corporate, and partnership matters on behalf of all Expressway stakeholders. Mr. Evans is a Fellow of the Institute of Chartered Certified Accountants in the United Kingdom and his previous toll road project experience includes Midland Expressway (United Kingdom), Tagus River Crossings (Portugal), Yorkshire Link (United Kingdom), and Jakarta/Cikampek toll road (Indonesia). In addition, Mr. Evans has held senior finance director positions and has negotiated multiple currency project finance loan facilities in the United States and abroad. Mr. Evans' considerable experience as a financial professional and senior manager makes him exceptionally well-qualified to maintain the position of the Debtors' CFO.

Mr. Evans holds no ownership interest in the Debtors. Mr. Evans is paid an annual salary of $240,000, plus the opportunity to participate in the Employee Benefits.[3]

The table below shows Mr. Evans' salary for each of 2007, 2008, 2009, and 2010.

| Year | Salary |
|------|--------|
| 2007 | $225,000 |
| 2008 | $235,400 |
| 2009 | $235,400 |
| 2010 | $240,000 |

---

[3]    Pursuant to his employment contract, Mr. Evans is also eligible to receive certain performance-based bonus payments and severance payments. Under this Motion, the Debtors are not seeking to pay any amounts on account of any such amounts to Mr. Evans, or any other bonus, retention, or severance payments to the SBX Insiders.

K&E 16374842.26

### C.    Theresa Weekes' Qualifications.

Theresa Weekes joined SBX as its CAO in May 2008.  Ms. Weekes has over 16 years of accounting experience.  Her areas of responsibility include supervising and directing financial, administrative, and customer service functions.  Ms. Weekes assists in daily strategic planning, including overseeing company operations to ensure production efficiency, quality, service, and cost-effective management of resources.  Ms. Weekes also prepares financial statements and reports, monthly packages for the Debtors' board of directors, financial models, and pro-formas, and oversees all general accounting activities, including the approval and processing of revenue expenditures, company and department budgets, and insurance programs.

Prior to her experience at SBX, Ms. Weekes served as Assistant Vice President at Arrowhead General Insurance Agency, Inc., where she developed new policies and procedures, nearly eliminated uncollectible accounts, and assisted new divisions in establishing premium collection and reporting systems.  Ms. Weekes' 16-plus years of accounting experience make her exceptionally well-qualified to maintain the position as the Debtors' CAO.

Ms. Weekes holds no ownership interest in the Debtors.  Ms. Weekes is paid an annual salary of $139,000, plus the opportunity to participate in the Employee Benefits.

### D.    Shane Savgur's Qualifications.

Shane Savgur, SBX's CTO, joined SBX as its Systems Operation Manager in July 2004.  Mr. Savgur's current responsibilities include:  (a) oversight of system monitoring, management, and maintenance of the toll collection system and the IT infrastructure; (b) oversight of helpdesk support; (c) development of automated systems monitoring and reporting tolls; (d) maintenance of network security and compliance with regulatory requirements; (e) development, implementation, and maintenance of a high availability infrastructure and development of an effective disaster recovery strategy; (f) creation of a highly skilled IT team; and (g) development of technical solutions to

improve toll collection efficiency, increase revenue, improve productivity, and maximize return on investment.

Mr. Savgur has more than 15 years experience in the field of electronic toll collection and traffic management.  Among other accomplishments, Mr. Savgur headed a team of network engineers, software and database engineers, and others in the system development and integration for the lane, plaza, host, customer service, and violation enforcement systems for the Fastrak® Electronic Toll Collection System in the San Francisco Bay area prior to joining SBX.  In addition, Mr. Savgur was responsible for the Fiber Optic Network Design and implementation of the Traffic Management System.  Mr. Savgur's 15-plus years of experience in the field of electronic toll collection and traffic management make him exceptionally well-qualified to maintain the position of the Debtors' CTO.

Mr. Savgur holds no ownership interest in the Debtors.  Mr. Savgur is paid an annual salary of $139,000, plus the opportunity to participate in the Employee Benefits.

## IV.    Basis for Relief.

### A.    It is Appropriate for the Debtors to Compensate the SBX Insiders in the Ordinary Course of Business.

Local Bankruptcy Rule 4002-2(b) provides that the court may approve compensation to the debtor or insider of a corporation, partnership, sole proprietorship, or other entity owned or controlled by the debtor, on an interim basis, pending the expiration of the notice period and provided that such compensation may be subject to disgorgement.

Section 101(31) of the Bankruptcy Code provides that, in the event the debtor is a partnership, an "insider" is described as any of the following:  general partner in the debtor; relative of a general partner in, general partner of, or person in control of the debtor; partnership in which the debtor is a general partner; (iv) general partner of the debtor; or person in control of the debtor.  *See* 11 U.S.C. § 101(31)(C)(i)-(v).

Moreover, section 503(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, there shall be allowed administrative expenses, including, without limitation, "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A) (emphasis added). In addition, section 363(c) allows a debtor, who is authorized to conduct business on a postpetition basis, to pay expenses incurred "in the ordinary course of business."  *See* 11 U.S.C. § 363(c) (emphasis added).  Lastly, section 105(a) expressly authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   11 U.S.C. § 105(a).

When the foregoing statutes are construed together, the Bankruptcy Code provides that there are no substantive limitations on a debtor's authority to compensate insiders for services rendered after the commencement of a chapter 11 case.  Notwithstanding the foregoing, courts have held that at least some judicial oversight is both necessary and appropriate in light of the potential for abuse.[4] *See e.g., In re Hooper, Goode Realty,* 60 B.R. 328, 331 (Bankr. S.D. Cal. 1986) ("Clearly, this court is vested with the authority to review the propriety of salaries paid to the debtor in possession's officers . . . .") (internal citation omitted).

Although courts have identified the need for court supervision with regard to applications seeking insider compensation, absent a clear showing of abuse, courts have also recognized that a bankruptcy court should not disturb the debtor's business judgment with respect to these issues, particularly where the debtor proposes to compensate insiders upon the same terms and conditions which existed prior to the bankruptcy filing:

> Presumption that debtor-in-possessions' decisions within the ordinary course of business are reasonable extends to all aspects of debtors' ordinary, day-to-day operations, and at least where proposal is to continue compensating management upon the same terms and conditions as existed prior to the case, presumption also

---

[4]    Moreover, Local Bankruptcy Rules 2002-2 and 4002-2(a) and the Court's Guidelines for First Day Motions in Appendix D1 of the Local Bankruptcy Rules disclose the Court's procedural and substantive requirements for the application and approval of compensation to insiders.

extends to include compensation of management insiders; however, exemption is rebuttable if exigent circumstances are present or there is potential for, and prima facie appearance of, abuse.

*See Matter of All Seasons Indus., Inc.,* 121 B.R. 822, 825-26 (Bankr. N.D. Ind. 1990) (holding that a debtor-in-possession is not required to obtain court approval of the compensation for these management insiders, where these individuals will continue to be compensated upon the same terms and conditions as they were being compensated prior to the case).

Indeed, courts generally take a holistic view of and measure acceptability of compensation packages through the prism of several factors, including:

(i)     "whether the amount of cost or expense is reasonable and in the best interest of the estate;

(ii)    whether the services to be provided are likely to enhance a successful reorganization or liquidation of the debtor;

(iii)   whether the debtor exercised appropriate business judgment in implementing any application for continuing, resuming, or retaining the executive."

*In re Dana Corp.,* 358 B.R. 567, 571 (Bankr. S.D.N.Y. 2006).

Here, SBX's two executives, Mr. Hulsizer and Mr. Evans, each constitute an "insider" under section 101(31) of the Bankruptcy Code by virtue of their position as a "person in control of" SBX. While the Debtors believe that only Mssrs. Hulsizer and Evans are insider as defined by section 101(31) of the Bankruptcy Code, the Debtors have, out of an abundance of caution, also included Ms. Weekes and Mr. Savgur in the relief requested in this Motion.

The requested compensation is entirely consistent with the compensation which is generally available for persons holding the same or similar experience and qualifications as the SBX Insiders. Their experience and expertise render each of them uniquely qualified and their services and contributions will add considerable value to the Debtors' estates during the pendency of these chapter 11 cases, for the benefit of all parties in interest.

The continued employment of each of the SBX Insiders is not only critical to the success of

K&E 16374842.26

the Debtors' reorganization efforts, it is also critical to the continued operation of the Debtors' business operations and oversight. If the Debtors are not permitted to compensate the SBX Insiders in the ordinary course of business, then the SBX Insiders will be forced to seek employment elsewhere, resulting in a significant negative impact on the Debtors' ability to maintain business operations during a critical point in their reorganization process. Without the Debtors' key management team, which fully knows and understands the Debtors' business, the Debtors will be unable to accomplish a smooth transition into chapter 11 and will risk significant harm to their businesses, to the detriment of all parties in interest.[5]

Further, as reflected in the cash flow forecast attached to the *Motion of the Debtors for Entry of an Interim Order (a) Authorizing Use of Cash Collateral; (b) Granting Adequate Protection to Certain Prepetition Secured Parties; (c) Granting Related Relief; and (d) Scheduling a Final Hearing thereon*, filed concurrently herewith, the Debtors have sufficient funds to pay the compensation proposed in this Motion.

The requested relief is consistent with relief granted by courts in this district in other chapter 11 cases. *See, e.g.*, *In re Imperial Capital Bancorp, Inc.*, Case No. 09-19431 (LDA) (Bankr. S.D. Cal. Mar. 10, 2010); *In re Fili Enters. Inc.*, Case No. 10-00324 (PWB) (Bankr, S.D. Cal. Jan. 14, 2010); *In re Pulse-Link, Inc.*, Case No. 09-17333 (LST) (Bankr. S.D. Cal. Dec. 9, 2009); *In re Protocol Serv. Inc., et al.*, Case No. 05-06782 (JWM) (Bankr. S.D. Cal. July 27, 2005); *In re Metabolife Int'l Inc.*, Case No. 05-06040 (PWB) (Bankr. S.D. Cal. July 01, 2005).[6]

Accordingly, the Court should enter an order authorizing, but not directing, the Debtors to compensate and provide benefits to the SBX Insiders in the ordinary course of business.

---

[5] The Debtors submit that the proposed compensation does not constitute a "Key Employee Retention Program," which is expressly governed by section 503(c)(1) of the Bankruptcy Code. Stated otherwise, the Debtors seek payment to the SBX Insiders during the ordinary course at their prepetition salaries and benefits, and do not otherwise seek to implement an incentive-based plan under section 503(c)(1) in an effort to retain these Insiders.

[6] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders are available on request of the Debtors' counsel.

**B.**     **Failure to Honor Employee Obligations Within 21 Days of the Petition Date Would Cause Immediate and Irreparable Harm.**

Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."

As described above, the SBX Insiders are integral to the Debtors' operations and uniquely qualified to serve in their respective positions.  Failure by the Debtors to continue to compensate the SBX Insiders in the ordinary course of business during the first 21 days of these chapter 11 cases will jeopardize the SBX Insiders' loyalty and trust, possibly causing the SBX Insiders to leave the Debtors' employ and severely disrupting the Debtors' operations at a critical juncture.  Moreover, the SBX Insiders rely on their compensation and benefits to pay their living expenses, and the effect could be financially ruinous if the Debtors cannot continue to pay them in the ordinary course of business.  For these reasons, it is imperative that the Debtors are able to continue to provide the SBX Insiders with compensation and Employee Benefits, at the same level that the SBX Insiders received prepetition.  Accordingly, the Debtors submit that they have met the "immediate and irreparable harm" standard of Bankruptcy Rule 6003.

*[Remainder of Page Left Intentionally Blank]*

K&E 16374842.26

1

## V.      Conclusion.

2

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in

3

the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and granting such other

4

further relief as is just and proper.  No prior request for the relief sought in this Motion has been

5

made to this or any other court.

6

7    Dated: March 22, 2010                              /s/ *R. Alexander Pilmer*
         San Diego, California                      R. Alexander Pilmer (CA 166196)

8                                                            **KIRKLAND & ELLIS LLP**
                                                              333 South Hope Street

9                                                            Los Angeles, California  90071
                                                              Telephone:    (213) 680-8400

10                                                           Facsimile:     (213) 680-8500

11                                                           James H.M. Sprayregen, P.C. (*pro hac vice* pending)

12                                                           Marc Kieselstein, P.C. (*pro hac vice* pending)
                                                              Chad J. Husnick (*pro hac vice* pending)

13                                                           Meredith L. Shafe (*pro hac vice* pending)
                                                              **KIRKLAND & ELLIS LLP**

14                                                           300 North LaSalle Street
                                                              Chicago, Illinois 60654

15                                                           Telephone:    (312) 862-2000
                                                              Facsimile:     (312) 862-2200

16

17                                                           Proposed Attorneys for the Debtors
                                                              and Debtors in Possession

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

**Proposed Order**

R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California  90071
Telephone:   (213) 680-8400
Facsimile:    (213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>SOUTHERN DISTRICT OF CALIFORNIA<br>325 West "F" Street, San Diego, California  92101-6991 | |
| In re:<br><br>SOUTH BAY EXPRESSWAY, L.P. and CALIFORNIA<br>TRANSPORTATION VENTURES, INC.,<br><br>                    Debtors. | BANKRUPTCY NO.  10-04516-LA11<br><br>Date of Hearing:<br>Time of Hearing:<br>Name of Judge:  Hon. Louise D. Adler |

### ORDER ON

First Day Motion of the Debtors for Entry of an Order Authorizing,
But Not Directing, the Debtors to Pay Interim Compensation to Insiders.

IT IS ORDERED THAT the relief sought as set forth on the continuation pages and numbered _____

through _____, with exhibits, if any, for a total of _____ pages, is granted.  Motion Docket Entry No. _____.


Dated:

Signature by the attorney constitutes a certification
under Fed. R. Bankr. P. 9011 that the relief on the
Order is the relief granted by the Court.

_____
Judge, United States Bankruptcy Court

Submitted by:

Kirkland & Ellis LLP
_____
(Firm Name)

By:   *R. Alexander Pilmer*
      Attorney for ☒ Movant   ☐ Respondent

ORDER ON:  First Day Motion of the Debtors for Entry of an Order Authorizing, But Not Directing, the Debtors To Pay Interim Compensation to Insiders

DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.

CASE NO:  10-04516-LA11

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") under sections 105(a), 363(c), and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), Authorizing, But Not Directing, the Debtors to Pay Interim Compensation to Insiders; all as more fully set forth in the Motion; and upon the Hulsizer Declaration, the Evans Declaration, the Weekes Declaration, and the Savgur Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS SO ORDERED THAT:

1.     The relief requested by the Debtors in this Motion is hereby granted.

2.     All objections to this Motion or the relief requested in this Motion, and all reservations of rights in any objection to the Motion, are overruled on the merits.

3.     The Debtors are hereby authorized, but not directed, to pay the following SBX Insiders the annual base salary indicated below plus other benefits pursuant to each SBX Insiders' respective employment agreement with the Debtors (collectively, the "SBX Executive Compensation") and to be paid consistent with prepetition practice in the ordinary course of business:

(a)     Greg Hulsizer ($275,000);

(b)     Anthony G. Evans ($240,000);

(c)     Theresa Weekes ($139,000); and

(d)     Shane Savgur ($139,000).

4.     The Debtors are hereby authorized, but not directed, to provide the SBX Insiders with benefits the ability to participate in the Employee Benefits, pursuant to each SBX Insider's respective employment agreement with the Debtors and consistent with prepetition practice in the ordinary course of business (together with the SBX Insider Compensation, the

---

[1]     All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

ORDER ON:  First Day Motion of the Debtors for Entry of an Order Authorizing, But Not Directing, the Debtors To Pay Interim Compensation to Insiders

DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.

CASE NO:  10-04516-LA11

"SBX Insider Obligations").

5.      The Debtors are authorized to pay costs and expenses incidental to payment of the SBX Insider Obligations, including all administrative and processing costs and payments to outside professionals.

6.      The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to postpetition amounts owed to the SBX Insiders on account of the SBX Insider Obligations.

7.      Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the SBX Insider Obligations.

8.      In accordance with the Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the SBX Insider Obligations described in the Motion is directed to honor checks presented for payment of SBX Insider Obligations described in the Motion and all fund transfer requests related thereto to the extent that sufficient funds are on deposit in such amounts.

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

10.      Notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to the orders authorizing the use of cash collateral.

11.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

12.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

13.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

K&E 16374842.26

ORDER ON:  First Day Motion of the Debtors for Entry of an Order Authorizing, But Not Directing, the Debtors To Pay Interim Compensation to Insiders

DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.

CASE NO:  10-04516-LA11

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16.     This Order shall be effective for 60 days from the date of entry of this Order.

17.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

IT IS SO ORDERED.

K&E 16374842.26

**<u>EXHIBIT B</u>**

**Hulsizer Declaration**

1  R. Alexander Pilmer (CA 166196)
   **KIRKLAND & ELLIS LLP**
2  333 South Hope Street
   Los Angeles, California  90071
3  Telephone:     (213) 680-8400
   Facsimile:      (213) 680-8500
4

5  James H.M. Sprayregen, P.C. (*pro hac vice* pending)
   Marc Kieselstein, P.C. (*pro hac vice* pending)
6  Chad J. Husnick (*pro hac vice* pending)
   Meredith L. Shafe (*pro hac vice* pending)
7  **KIRKLAND & ELLIS LLP**
8  300 North LaSalle Street
   Chicago, Illinois  60654
9  Telephone:     (312) 862-2000
   Facsimile:      (312) 862-2200
10

11 Proposed Attorneys for the Debtors
   and Debtors in Possession

12
                    **UNITED STATES BANKRUPTCY COURT**
13                  **SOUTHERN DISTRICT OF CALIFORNIA**

14 | In re:                            | Chapter 11                                    |
   |-----------------------------------|-----------------------------------------------|
15 |                                   | Case No. 10-04516-LA11                        |
   | SOUTH BAY EXPRESSWAY, L.P. and    |                                               |
16 | CALIFORNIA TRANSPORTATION         | (Joint Administration Requested with          |
   | VENTURES, INC.,[1]                | Case No. 10-04518)                            |
17 |                                   |                                               |
   |                    Debtors.       | **DECLARATION OF GREG HULSIZER IN**           |
18 |                                   | **SUPPORT OF THE FIRST DAY MOTION**           |
   |                                   | **OF THE DEBTORS FOR ENTRY OF AN**            |
19 |                                   | **ORDER AUTHORIZING, BUT NOT**                |
   |                                   | **DIRECTING, THE DEBTORS TO PAY**             |
20 |                                   | **INTERIM COMPENSATION TO INSIDERS**          |
21 |                                   |                                               |
   |                                   | Date:       TBD                               |
22 |                                   | Time:       TBD                               |
   |                                   | Place:      The Jacob Weinberger U.S. Courthouse |
23 |                                   |             Courtroom 118                     |
   |                                   |             325 West F Street                 |
24 |                                   |             San Diego, California 92101       |
25

26

27 [1]   Pursuant to section 342(c)(1) of title 11 of the United States Code, the last four digits of each debtor's federal tax
         identification number are:  South Bay Expressway, L.P. (9083) and California Transportation Ventures, Inc. (5119).
         The location of the debtors' corporate headquarters and the debtors' service address is:  1129 La Media Road, San
28       Diego, California  91914.

I, GREG HULSIZER, declare and state as follows:

1.      I serve as the Chief Executive Officer ("CEO") of South Bay Expressway, L.P. ("SBX"), a California Limited Partnership.

2.      I submit this declaration ("Declaration") in support of the *First Day Motion of the Debtors for Entry of an Order Authorizing, But Not Directing, the Debtors to Pay Interim Compensation to Insiders* (the "Motion").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.      I joined SBX as its CEO in November 2003.  My duties at SBX include, but are not limited to, overseeing all aspects of SBX's operations and strategy, including profit and loss and organizational management and such other duties commensurate with my position as may be assigned from time to time by the Board of Directors.

4.      My prior work experience in the toll industry includes previous positions as Chief Executive Officer of Cofiroute Global Mobility, LLC, a leading provider of toll operations and technical support services to the toll industry and as General Manager of California Private Transportation, L.P., builder and operator of the SR-91 Express Lanes in Orange County, California.

5.      Prior to joining SBX, I was employed for nearly 13 years in public administration, as a City Manager, Deputy City Manager, and Director of Community Development, Public Works, and Redevelopment for the cities of San Clemente, Fontana, and Stanton, California.

6.      I believe that my approximately 13 years of experience in the toll industry and in public administration positions makes me well-qualified for this position.

7.      I hold no ownership interest in SBX or its general partner, California Transportation Ventures, Inc.

8.      Prior to the Petition Date, I received an annual salary of $275,000, a housing allowance of $20,000 per year (payable in bi-weekly installments of $769.24), a company-leased

vehicle, payment or reimbursement of fees and expenses related to memberships and participation in professional and business organization and other professional development activities and continuing education, and the ability to participate in a number of benefit and insurance programs, including, among other things, medical, prescription drug, dental, and vision plans; flexible benefit plans; paid time off; workers compensation benefits; a 401(k) retirement savings plan; life, accident, and disability benefits; employee assistance programs; and other employee benefit plans.

9.     I rely on my compensation and benefits to pay my living expenses, and the effect could be financially ruinous for me if the Debtors cannot continue to pay me in the ordinary course of business.

10.     My annual base salary for each of 2007, 2008, 2009, and 2010 is listed below.

| Year | Salary |
|------|--------|
| 2007 | $260,000 |
| 2008 | $270,400 |
| 2009 | $270,400 |
| 2010 | $275,000 |

11.     Under my employment contract with SBX, I am also eligible to receive certain performance-based bonus payments and severance payments.

*[Remainder of Page Left Intentionally Blank]*

K&E 16374842.26

1         Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

2    correct.

3    Dated:  March 22, 2010                          Respectfully submitted,

4

5                                                        Greg Hulsizer
                                                        Chief Executive Officer
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT C**

## **Evans Declaration**

1    R. Alexander Pilmer (CA 166196)
     **KIRKLAND & ELLIS LLP**
2    333 South Hope Street
     Los Angeles, California  90071
3    Telephone:    (213) 680-8400
     Facsimile:    (213) 680-8500
4

5    James H.M. Sprayregen, P.C. (*pro hac vice* pending)
     Marc Kieselstein, P.C. (*pro hac vice* pending)
6    Chad J. Husnick (*pro hac vice* pending)
     Meredith L. Shafe (*pro hac vice* pending)
7    **KIRKLAND & ELLIS LLP**
8    300 North LaSalle Street
     Chicago, Illinois  60654
9    Telephone:    (312) 862-2000
     Facsimile:    (312) 862-2200
10

11   Proposed Attorneys for the Debtors
     and Debtors in Possession
12

13

     **UNITED STATES BANKRUPTCY COURT
     SOUTHERN DISTRICT OF CALIFORNIA**

14   | In re: | Chapter 11 |
15   | | Case No. 10-04516-LA11 |
     SOUTH BAY EXPRESSWAY, L.P. and
16   CALIFORNIA TRANSPORTATION
     VENTURES, INC.,[1]
17                          Debtors.

     Chapter 11

     Case No. 10-04516-LA11

     (Joint Administration Requested with
     Case No. 10-04518)

18   **DECLARATION OF ANTHONY G. EVANS
     IN SUPPORT OF THE FIRST DAY MOTION
19   OF THE DEBTORS FOR ENTRY OF AN
     ORDER AUTHORIZING, BUT NOT
20   DIRECTING, THE DEBTORS TO PAY
     INTERIM COMPENSATION TO INSIDERS**

21
22   Date:    TBD
     Time:    TBD
23   Place:   The Jacob Weinberger U.S. Courthouse
              Courtroom 118
24            325 West F Street
              San Diego, California 92101
25

26   _____

27   [1]    Pursuant to section 342(c)(1) of title 11 of the United States Code, the last four digits of each debtor's federal tax
            identification number are:  South Bay Expressway, L.P. (9083) and California Transportation Ventures, Inc. (5119).
28          The location of the debtors' corporate headquarters and the debtors' service address is:  1129 La Media Road, San
            Diego, California  91914.

I, ANTHONY G. EVANS, declare and state as follows:

1.      I serve as the Chief Financial Officer ("CFO") for South Bay Expressway, L.P. ("SBX"), a California Limited Partnership.

2.      I submit this declaration ("Declaration") in support of the *First Day Motion of the Debtors for Entry of an Order Authorizing, But Not Directing, the Debtors to Pay Interim Compensation to Insiders* (the "Motion").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.      I joined SBX as its CFO in February 2003, and am primarily responsible for monitoring and controlling all financial, corporate, and partnership matters on behalf of all Expressway stakeholders.  My duties at SBX include, but are not limited to, managing project financial activities and relationships, financial forecasting, and reporting and lender relations.

4.      Prior to joining SBX, I held senior finance director positions and negotiated multiple currency project finance loan facilities in the United States and abroad.  I am a Fellow of the Institute of Chartered Certified Accountants in the United Kingdom and my previous toll road project experience includes Midland Expressway (United Kingdom), Tagus River Crossings (Portugal), Yorkshire Link (United Kingdom), and Jakarta/Cikampek toll road (Indonesia).

5.      I hold no ownership interest in SBX or its general partner, California Transportation Ventures, Inc.

6.      Prior to the Petition Date, I received an annual salary of $240,000, plus the ability to participate in a number of benefit and insurance programs, including, among other things, medical, prescription drug, dental, and vision plans; flexible benefit plans; paid time off; workers compensation benefits; a 401(k) retirement savings plan; life, accident, and disability benefits; employee assistance programs; and other employee benefit plans.

7.      I rely on my compensation and benefits to pay my living expenses, and the effect

K&E 16374842.26

could be financially ruinous for me if the Debtors cannot continue to pay me in the ordinary course of business.

8.    My annual base salary for each of 2007, 2008, 2009, and 2010 is listed below.

| Year | Salary |
|------|--------|
| 2007 | $225,000 |
| 2008 | $235,400 |
| 2009 | $235,400 |
| 2010 | $240,000 |

9.    Under my employment contract with SBX, I am also eligible to receive certain performance-based bonus payments and severance payments.

*[Remainder of Page Left Intentionally Blank]*

K&E 16374842.26

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

2    correct.

3    Dated:  March 22, 2010                          Respectfully submitted,

4

5                                                    Anthony G. Evans
                                                     Chief Financial Officer
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

**Weekes Declaration**

1   R. Alexander Pilmer (CA 166196)
    **KIRKLAND & ELLIS LLP**
2   333 South Hope Street
    Los Angeles, California  90071
3   Telephone:    (213) 680-8400
    Facsimile:    (213) 680-8500
4

5   James H.M. Sprayregen, P.C. (*pro hac vice* pending)
    Marc Kieselstein, P.C. (*pro hac vice* pending)
6   Chad J. Husnick (*pro hac vice* pending)
    Meredith L. Shafe (*pro hac vice* pending)
7   **KIRKLAND & ELLIS LLP**
8   300 North LaSalle Street
    Chicago, Illinois  60654
9   Telephone:    (312) 862-2000
    Facsimile:    (312) 862-2200
10

11  Proposed Attorneys for the Debtors
    and Debtors in Possession

12

             **UNITED STATES BANKRUPTCY COURT**
13           **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  In re: | Chapter 11 |
| 15  SOUTH BAY EXPRESSWAY, L.P. and | Case No. 10-04516-LA11 |
| 16  CALIFORNIA TRANSPORTATION VENTURES, INC.,[1] | (Joint Administration Requested with Case No. 10-04518) |
| 17                  Debtors. | **DECLARATION OF THERESA WEEKES IN** |
| 18 | **SUPPORT OF THE FIRST DAY MOTION OF** |
| 19 | **THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING,** |
| 20 | **THE DEBTORS TO PAY INTERIM COMPENSATION TO INSIDERS** |
| 21 | |
| 22 | Date:    TBD |
| 23 | Time:    TBD |
| 24 | Place:   The Jacob Weinberger U.S. Courthouse       Courtroom 118       325 West F Street       San Diego, California 92101 |

25

26

---

[1]    Pursuant to section 342(c)(1)  of title 11 of the United States Code, the last four digits of each debtor's federal tax
        identification number are:  South Bay Expressway, L.P. (9083) and California Transportation Ventures, Inc. (5119).
27     The location of the debtors' corporate headquarters and the debtors' service address is:  1129 La Media Road, San
        Diego, California  91914.

28

I, THERESA WEEKES, declare and state as follows:

1. I serve as the Chief Accounting Officer ("CAO") for South Bay Expressway, L.P. ("SBX"), a California Limited Partnership.

2. I submit this declaration ("Declaration") in support of the *First Day Motion of the Debtors for Entry of an Order Authorizing, But Not Directing, the Debtors to Pay Interim Compensation to Insiders* (the "Motion"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. I joined SBX in May 2008. I have more than 16 years of accounting experience. My duties at SBX include, but are not limited to, supervising financial, administrative, and customer service functions.

4. In my role as SBX's CAO, I assist in daily strategic planning, including overseeing company operations to ensure production efficiency, quality, service, and cost-effective management of resources.

5. I also prepare financial statements and reports, Board of Director monthly packages, financial models, pro-formas, and oversee all general accounting activities including the approval and processing of revenue expenditures, company and department budgets, and insurance programs.

6. I also develop and maintain relationships with key stakeholders, including local businesses and governmental agencies. In addition, I develop policies and procedures designed to maintain best management practices, ease of business operations, positive internal and external customer relations, compliance with government regulations, and adherence to contractual obligations.

7. Prior to joining SBX, I served as Assistant Vice President at Arrowhead General Insurance Agency, Inc., where I developed new policies and procedures, identified and resolved sources of income and external company complaints, nearly eliminated uncollectible accounts, and

assisted new divisions in establishing premium collection and reporting systems.

8. I believe that my 16 years of accounting experience makes me well qualified for my position as SBX's CAO.

9. I hold no ownership interest in SBX or its general partner, California Transportation Ventures, Inc.

10. Prior to the Petition Date, I received an annual salary of $139,000, plus the ability to participate a number of benefit and insurance programs, including, among other things, medical, prescription drug, dental, and vision plans; flexible benefit plans; paid time off; workers compensation benefits; a 401(k) retirement savings plan; life, accident, and disability benefits; employee assistance programs; and other employee benefit plans.

11. I rely on my compensation and benefits to pay my living expenses, and the effect could be financially ruinous for me if the Debtors cannot continue to pay me in the ordinary course of business.

*[Remainder of Page Left Intentionally Blank]*

K&E 16374842.26

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

2    correct.

3    Dated:  March 22, 2010                                    Respectfully submitted,

4

5                                                                                  Theresa Weekes
                                                                                   Chief Accounting Officer
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT E**

**Savgur Declaration**

1    R. Alexander Pilmer (CA 166196)
     **KIRKLAND & ELLIS LLP**
2    333 South Hope Street
     Los Angeles, California  90071
3    Telephone:     (213) 680-8400
     Facsimile:     (213) 680-8500
4
5    James H.M. Sprayregen, P.C. (*pro hac vice* pending)
     Marc Kieselstein, P.C. (*pro hac vice* pending)
6    Chad J. Husnick (*pro hac vice* pending)
     Meredith L. Shafe (*pro hac vice* pending)
7    **KIRKLAND & ELLIS LLP**
8    300 North LaSalle Street
     Chicago, Illinois  60654
9    Telephone:     (312) 862-2000
     Facsimile:     (312) 862-2200
10
11   Proposed Attorneys for the Debtors
     and Debtors in Possession
12
                    **UNITED STATES BANKRUPTCY COURT**
13                   **SOUTHERN DISTRICT OF CALIFORNIA**

14   In re:                                 | Chapter 11

15   SOUTH BAY EXPRESSWAY, L.P. and           Case No. 10-04516-LA11
16   CALIFORNIA TRANSPORTATION
     VENTURES, INC.,[1]                       (Joint Administration Requested with
17                                            Case No. 10-04518)
                       Debtors.
18                                            **DECLARATION OF SHANE SAVGUR IN
                                              SUPPORT OF THE NOTICE OF FIRST DAY
19                                            MOTION AND FIRST DAY MOTION OF THE
                                              DEBTORS FOR ENTRY OF AN ORDER
20                                            AUTHORIZING, BUT NOT DIRECTING, THE
                                              DEBTORS TO PAY INTERIM COMPENSATION
21                                            TO INSIDERS**

22                                            Date:     TBD
                                              Time:     TBD
23                                            Place:    The Jacob Weinberger U.S. Courthouse
                                                        Courtroom 118
24                                                      325 West F Street
                                                        San Diego, California 92101
25

26   _____

27   [1]    Pursuant to section 342(c)(1) of title 11 of the United States Code, the last four digits of each debtor's federal tax
            identification number are:  South Bay Expressway, L.P. (9083) and California Transportation Ventures, Inc. (5119).
28          The location of the debtors' corporate headquarters and the debtors' service address is:  1129 La Media Road, San
            Diego, California  91914.

I, SHANE SAVGUR, declare and state as follows:

1.      I serve as the Chief Technology Officer ("CTO") for South Bay Expressway, L.P. ("SBX"), a California Limited Partnership.

2.      I submit this declaration ("Declaration") in support of the *First Day Motion of the Debtors for Entry of an Order Authorizing, But Not Directing, the Debtors to Pay Interim Compensation to Insiders* (the "Motion").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.      I joined SBX on July 14, 2004.  I have more than 15 years experience in the field of electronic toll collection and traffic management.  My duties at SBX include, but are not limited to:  (a) oversight of system monitoring, management, and maintenance of the toll collection system and the IT infrastructure; (b) oversight of helpdesk support; (c) development of automated systems monitoring and reporting tolls; (d) maintenance of network security and compliance with regulatory requirements; (e) development, implementation, and maintenance of a high availability infrastructure and development of an effective disaster recovery strategy; (f) creation of a highly skilled IT team; and (g) development of technical solutions to improve toll collection efficiency, increase revenue, improve productivity, and maximize return on investment.

4.      Prior to joining SBX, I served as head of a team of network engineers, software and database engineers, and others in the system development and integration for the lane, plaza, host, customer service, and violation enforcement systems for the Fastrak® Electronic Toll Collection System in the San Francisco Bay area.  In addition, I was responsible for the Fiber Optic Network Design and implementation of the Traffic Management System.

5.      I hold no ownership interest in SBX or its general partner, California Transportation Ventures, Inc.

6.      Prior to the Petition Date, I received an annual salary of $139,000, plus the ability to

2

participate in a number of benefit and insurance programs, including, among other things, medical, prescription drug, dental, and vision plans; flexible benefit plans; paid time off; workers compensation benefits; a 401(k) retirement savings plan; life, accident, and disability benefits; employee assistance programs; and other employee benefit plans.

7.     I rely on my compensation and benefits to pay my living expenses, and the effect could be financially ruinous for me if the Debtors cannot continue to pay me in the ordinary course of business.

*[Remainder of Page Left Intentionally Blank]*

1         Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

2    correct.

3    Dated:  March 22, 2010                                        Respectfully submitted,

4

5                                                                                            Shane Savgur
                                                                                             Chief Technology Officer
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28