1

R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**

2

333 South Hope Street
Los Angeles, California 90071

3

Telephone: (213) 680-8400
Facsimile: (213) 680-8500

4

5

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)

6

Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**

7

300 North LaSalle Street
Chicago, Illinois 60654

8

Telephone: (312) 862-2000
Facsimile: (312) 862-2200

9

10

Proposed Attorneys for the Debtors
and Debtors in Possession

11

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA

12

13

| In re: | Case No. 10-04516-LA11 |
|---|---|
| SOUTH BAY EXPRESSWAY, L.P. and CALIFORNIA TRANSPORTATION VENTURES, INC.,[1] | Chapter 11 |
| | (Joint Administration Requested with Case No. 10-04518-LA11) |
| Debtors. | **NOTICE OF FIRST DAY MOTION AND FIRST DAY MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES** |
| | Date: TBD<br>Time: TBD<br>Place: The Jacob Weinberger U.S. Courthouse<br>Courtroom 118<br>325 West F Street<br>San Diego, California 92101 |

14

15

16

17

18

19

20

21

22

23

24

25

26

---

[1] Pursuant to section 342(c)(1) of title 11 of the United States Code, the last four digits of each debtor's federal tax identification number are: South Bay Expressway, L.P. (9083) and California Transportation Ventures, Inc. (5119). The location of the debtors' corporate headquarters and the debtors' service address is: 1129 La Media Road, San Diego, California 91914.

27

28

TO THE HONORABLE JUDGE LOUISE D. ADLER, UNITED STATES BANKRUPTCY JUDGE, SECURED CREDITORS, THE CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS, AND THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that South Bay Expressway, L.P. and California Transportation Ventures, Inc., as debtors and debtors in possession (collectively, the "Debtors"), file this motion (together with the accompanying Memorandum of Points and Authorities, this "Motion") for the entry of interim and final orders determining adequate assurance of payment for future utility services. The bases for the relief requested in this Motion are set forth in the following Memorandum of Points and Authorities and in the *Declaration of Anthony G. Evans, Chief Financial Officer of South Bay Expressway, L.P., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated herein by reference.

PLEASE TAKE FURTHER NOTICE that the United States Bankruptcy Court for the Southern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9014-5 of the Local Rules of the United States Bankruptcy Court for the Southern District of California (the "Local Bankruptcy Rules"), and the Court's Guidelines for First Day Motions in Appendix D1 of the Local Bankruptcy Rules.

PLEASE TAKE FURTHER NOTICE that in accordance with Rules 2002-2 and 2002-4 of the Local Rules of the United States Bankruptcy Court for the Southern District of California (the "Local Bankruptcy Rules") and the [*Order on First Day Motion of the Debtors for Order Limiting Scope of Notice* [Docket No. XX]], the Debtors have provided a copy of this Motion and a Notice of

2

Intended Action and Opportunity for Hearing, substantially in the form of Local Form CSD 1180, to: (a) the Office of the United States Trustee for the Southern District of California (the "U.S. Trustee"); (b) the entities listed on the lists of creditors holding the 20 largest unsecured claims; (c) counsel to the agent for the Debtors' prepetition senior loan agreement; (d) counsel to the lender under the Debtors' prepetition TIFIA loan agreement; (e) the United States Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Attorney for the Southern District of California; (h) the United States Department of Transportation; (i) the State of California Department of Transportation ("Caltrans"); and (j) the Utility Providers (as listed on Exhibit C annexed to this Motion) (collectively, the "Notice Parties").  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

Within two business days after the entry of the Order, the Debtors will serve a conformed copy of the Order on the Notice Parties and on such other entities as the Court may direct.  A proof of service shall be filed with the Court no later than the next business day following the date of service.

*[Remainder of Page Intentionally Left Blank]*

PLEASE TAKE FURTHER NOTICE THAT THIS IS A FIRST DAY MOTION FILED IN ACCORDANCE WITH APPENDIX D1 OF THE LOCAL BANKRUPTCY RULES. AS SET FORTH IN APPENDIX D1 OF THE LOCAL BANKRUPTCY RULES, ANY PARTY IN INTEREST WHO OPPOSES THIS MOTION SHALL IMMEDIATELY NOTIFY THE JUDGE'S LAW CLERK OF ITS POSITION BY TELEPHONE AT (619) 557-5623. NO WRITTEN OPPOSITION SHALL BE FILED TO THIS MOTION UNLESS THE COURT OTHERWISE DIRECTS. PLEASE NOTE THAT THE FAILURE TO NOTIFY THE COURT OF OPPOSITION TO THIS MOTION MAY BE DEEMED TO BE CONSENT TO THE RELIEF REQUESTED, AND THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE OR A HEARING.

Dated: March 22, 2010
     San Diego, California

/s/ *R. Alexander Pilmer*
R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

K&E 16264992.25

**Table of Contents**

I.     Background. ..................................................................................................................1

II.    Relief Requested. .........................................................................................................3

III.   The Utility Providers .....................................................................................................4

       A.     The Proposed Adequate Assurance. .................................................................4

       B.     Final Hearing Date. ...........................................................................................7

       C.     Subsequent Modifications. ................................................................................8

IV.    Basis for Relief. .............................................................................................................9

       A.     The Utility Providers are Adequately Assured of Payment for Future Services. ....9

       B.     The Adequate Assurance Procedures are Appropriate. .......................................13

       C.     The Requirements of Bankruptcy Rule 6003 Have Been Satisfied. .....................14

       D.     Waiver of Bankruptcy Rules 6004(a) and 6004(h). ...........................................14

       E.     The Debtors' Reservation of Rights .................................................................14

V.     Conclusion. ..................................................................................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

K&E 16264992.25

# Table of Authorities

## Cases

*In re ACG Holdings, Inc.*,
    Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008) (same) ................................. 14

*In re Adelphia Bus. Solutions, Inc.*,
    280 B.R. 63 (Bankr. S.D.N.Y. 2002) ........................................................................... 12

*In re Astle*
    338 B.R. 855 (Bankr. D. Idaho 2006) ......................................................................... 11

*In re Caldor, Inc. N.Y.*,
    199 B.R. 1 (Bankr. S.D.N.Y. 1996) ............................................................................ 12

*In re Fili Enters. Inc.*,
    Case No. 10-00324 (PB) (Bankr. S.D. Cal. Jan. 11, 2010) .......................................... 13

*In re Hines Horticulture, Inc.*,
    Case No. 08-11922 (KJC) (Bankr. D. Del. Aug. 22, 2008) (same) ................................ 14

*In re Leiner Health Prods. Inc.*,
    Case No. 08-10446 (KJC) (Bankr. D. Del. March 12, 2008) ........................................ 15

*In re Masonite Corp.*,
    09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009) ........................................................ 14

*In re Pacific Gas & Elec. Co.*,
    271 B.R. 626 (N.D. Cal. 2002) .......................................................................... 10, 12

*In re Penn. Cent. Transp. Co.*,
    467 F.2d 100 (3d Cir. 1972) ...................................................................................... 13

*In re Pierre Foods, Inc.*,
    Case No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008) (same) ................................. 14

*In re Portola Packaging, Inc.*,
    Case No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008) .......................................... 14

*In re Tropicana Ent., LLC*,
    Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008) ............................................. 15

*In re Visteon Corp.*,
    Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009) ........................................... 14

*In re Woodside Group, LLC et al.*,
    Case No. 08-20682 (PC) (Bankr. C.D. Cal. Sept. 19, 2008) ........................................ 14

*Steinbach v. Tucson Elec. Power Co. (In re Steinbach)*,
    303 B.R. 634 (Bankr. D. Ariz. 2004) .................................................................. 11, 12

*Virginia Elec. & Power Co. v. Caldor Inc. N.Y.*,
    117 F.3d 646 (2d Cir. 1997) ............................................................................. 11, 12

K&E 16264992.25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Statutes

11 U.S.C. § 1107(a) ................................................................................................ 1

11 U.S.C. § 1108 .................................................................................................... 1

11 U.S.C. § 361 .................................................................................................... 12

11 U.S.C. § 365 .................................................................................................... 16

11 U.S.C. § 366 ................................................................................ 4, 7, 8, 9, 11, 12

11 U.S.C. § 366(b) ......................................................................................... 10, 11, 12

11 U.S.C. § 366(c) ............................................................................................. 9, 10, 11

11 U.S.C. § 366(c)(2) ............................................................................................... 9

11 U.S.C. § 366(c)(3) ............................................................................................... 7

11 U.S.C. § 366(c)(3)(a) (2005) ................................................................................. 10

## Rules

Bankruptcy Rule 1015(b) .......................................................................................... 1

Bankruptcy Rule 6003 ............................................................................................. 16

Bankruptcy Rule 6004(a) .......................................................................................... 16

Bankruptcy Rule 6004(h) .......................................................................................... 16

## Other Authorities

2 COLLIER ON BANKRUPTCY
    ¶ 105.01 (15th ed. rev. 2007) ................................................................................. 15

H.R. Rep. No. 95-595, at 350 (1978),
    *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306 ........................................................ 9

K&E 16264992.25

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Background.**

On the date hereof (the "Petition Date"), South Bay Expressway, L.P., a California limited partnership, and its general partner, California Transportation Ventures, Inc., a California corporation (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently herewith, the Debtors filed a motion seeking joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

The Debtors developed and operate a four-lane, nine-mile express toll road in Southern California commonly referred to as the South Bay Expressway or State Road 125 (the "Expressway").  The Expressway extends from Spring Valley to Otay Mesa and provides fast and convenient access to and from Mexico and communities across San Diego County, relieves traffic congestion, and reduces travel time for commuters in the South Bay and Otay Mesa regions.  Since opening on November 19, 2007, the Expressway has carried over 21 million vehicle trips with traffic on weekdays averaging over 25,000 vehicle trips  and weekend traffic averaging over 16,000 vehicle trips.

The Expressway represents a first-of-its-kind public-private collaboration and environmental commitment.  The Debtors operate the Expressway pursuant to a 35-year franchise agreement with Caltrans that allows the Debtors to set market rate tolls to recover their investment over the life of the franchise agreement.  The Debtors financed the construction of the Expressway using an innovative and unique financial structure that includes the first-ever loan facility provided to a private toll road operator by the United States Department of Transportation under the Transportation Infrastructure Finance and Innovation Act of 1998, a private term loan, private equity

K&E 16264992.25

capital investment, and private right of way donations facilitated by the City of Chula Vista.  The development of the Expressway also included an unprecedented $20 million environmental program, involving the purchase of more than 1,000 acres of native habitat as a permanent open space preserve, as well as a comprehensive program to preserve natural wildlife habitat.

Unfortunately for the Debtors, the Expressway opened amid the collapse of the sub-prime housing market, in which the South Bay area was hit particularly hard.  Further, as is now well-documented, the capital markets collapsed in 2008.  These factors halted development projects previously planned for the area surrounding the Expressway and led to a significant increase in area unemployment.  As a result, the Expressway, which was designed to attract commuters and support new development in the area, has suffered from declining traffic levels.

In addition, the Debtors have expended well over $40 million over the past three and a half years defending a number of actions commenced by contractors against, among others, the Debtors, which actions are described in more detail in the First Day Declaration.  Despite the extraordinary amounts of money the Debtors have incurred to date in connection with those litigation proceedings, the proceedings remain in the early stages of litigation.  Moreover, the Debtors expect to continue to incur similarly significant amounts to continue to defend those actions.  The costs associated with such proceedings represent a significant drain on the Debtors' limited assets and resources.

In light of the substantial and ongoing litigation costs and current and expected market conditions—including a still-weakened housing market and lack of new development, which have inhibited both population and employment growth in the corridor surrounding the Expressway—the Debtors commenced these chapter 11 proceedings in order to restructure their financial obligations and delever their balance sheet.  In connection therewith, the Debtors have engaged in discussions with their key stakeholders.  Unfortunately, due to a lack of resources to fund upcoming litigation and arbitration hearings (let alone pay any judgments that might be entered against the Debtors) and

an inability to resolve the proceedings prior to seeking chapter 11 relief, the Debtors will use the chapter 11 process to address the litigation, restructure their obligations, and deleverage their balance sheet. The Debtors have been and will continue to work with their key stakeholders to develop, negotiate, and implement, to the extent possible, a fully consensual restructuring to the benefit of the public for the remaining term of the Franchise Agreement, which currently extends to 2042.

The Debtors' corporate headquarters are located in San Diego, California, where they employ 53 people. For the fiscal year ending June 30, 2009, the Debtors had total revenues of approximately $21 million and adjusted EBITDA of approximately $3 million. As of the Petition Date, the Debtors had approximately $640 million in book value of total assets and approximately $570 million in book value of total liabilities.

## II.    Relief Requested.

By this Motion, the Debtors seek the entry of interim and final orders (the "Interim Order" and "Final Order," respectively): (a) determining that the Utility Providers (as defined herein) have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (b) approving the Debtors' proposed offer of adequate assurance and procedures governing the Utility Providers' requests for additional or different adequate assurance; (c) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Debtors' proposed adequate assurance pending entry of the Final Order; (d) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this Motion, pending entry of the Final Order; and (e) setting a final hearing (the "Final Hearing") on the Debtors' proposed adequate assurance.

K&E 16264992.25

### III.    The Utility Providers.

As set forth in the First Day Declaration, in the ordinary course of business, the Debtors incur expenses for water, sewer, electric, telecommunications, and other similar utility services, which are provided by approximately eight utility providers (as such term is used in section 366 of the Bankruptcy Code, collectively, the "Utility Providers"), a list of which is annexed as **Exhibit C** hereto (the "Utility Service List").[1]    In the preceding three months, the Debtors have spent an average of approximately $80,000 per month on utility services.    Based on a review of utilities usage, the Debtors estimate that an aggregate amount of approximately $34,000 may have accrued prepetition on account of utility services as of the Petition Date.    The Debtors do not believe they owe any past due amounts to the Utility Providers.

Uninterrupted utility services are essential to the Debtors' ongoing operations and, therefore, to the success of their reorganization.    Indeed, any interruption of utility services, even for a brief period of time, would negatively affect the Debtors' operations, and ultimately, the value of the Debtor' business and creditor recoveries.    It, therefore, is critical that utility services continue uninterrupted during these chapter 11 cases.

#### A.    The Proposed Adequate Assurance.

The Debtors intend to pay postpetition obligations owed to the Utility Providers in a timely manner.    The Debtors expect that their cash flow from operations and access to cash collateral will be sufficient to pay postpetition obligations related to their utility services.

Nevertheless, to provide additional assurance of payment for future services to the Utility Providers, the Debtors propose to deposit $40,050 (the "Adequate Assurance Deposit"), into a newly

---

[1]    Although the Debtors believe that the Utility Service List includes all of their Utility Providers as of the Petition Date, the Debtors reserve the right to supplement the Utility Service List if any Utility Provider has been omitted. Additionally, the listing of an entity on the Utility Service List is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

K&E 16264992.25

created, segregated, interest-bearing account (the "Adequate Assurance Deposit Account") within 20 days of the Petition Date.[2]   The amount of the Adequate Assurance Deposit equals the estimated aggregate cost for two weeks of utility service, calculated as a historical average over the most recent three months.   The Adequate Assurance Deposit will be held for the benefit of Utility Providers during the pendency of these chapter 11 cases.[3]

The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' demonstrated ability to pay for future utility services in the ordinary course of business (together, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers. If any Utility Provider believes additional assurance is required, that Utility Provider may request such assurance pursuant to the procedures set forth below.

In light of the detrimental consequences to the Debtors of any interruption in services by the Utility Providers, but recognizing the right of the Utility Providers to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose that the Court approve and adopt the following procedures (the "Adequate Assurance Procedures"):

a.    Within two business days after entry of the Interim Order, the Debtors will mail a copy of the Interim Order to the Utility Providers listed on the Utility Service List.

b.    If a Utility Provider is not satisfied with the Proposed Adequate Assurance, and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (each, an "Additional Assurance Request") upon (i) the Debtors, South Bay Expressway, L.P., 1129 La Media Road, San Diego, California 92154,

---

[2]   The Debtors have requested authority to open new bank accounts in the *Motion of the Debtors for Entry of an Order Under 11 U.S.C. §§ 363, 364, 1107, and 1108 Authorizing, But Not Directing, (a) Continued Use of Existing Cash Management System; (b) Maintenance of Existing Bank Accounts; (c) Continued Use of Existing Business Forms; and (d) Continued  Use of Existing Investment Guidelines.*

[3]   The Debtors further request that any Adequate Assurance Deposit required by, and deposited into, the Adequate Assurance Deposit Account on behalf of any Utility Provider pursuant to the procedures described herein be returned to the Debtors upon confirmation of a plan of reorganization, if not applied or returned earlier.

5

Attn.: Theresa Weekes,   and (ii) counsel to the Debtors, Kirkland & Ellis LLP, 333 South Hope Street, Los Angeles, CA  90071, Attn.: R. Alexander Pilmer, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois   60654, Attn.: Chad J. Husnick and Meredith L. Shafe (together, the "Notice Parties").

c.    Any Additional Assurance Request must:  (i) be made in writing; (ii) set forth the address at which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past three  months; (v) certify that it does not already hold a deposit equal to or greater than two weeks of utility service; (vi) certify that it currently is not paid in advance for its services; and (vii) explain why the Utility Provider believes the Debtors' Adequate Assurance is not sufficient adequate assurance of future payment.

d.    Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have 20 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

e.    The Debtors may, in their sole discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

f.     If the Debtors determine that an Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

g.     Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Debtors' Adequate Assurance.

h.     The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

i.     Absent compliance with the Adequate Assurance Procedures, the Utility Providers are forbidden to alter, refuse, or discontinue service on account of any prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance, pending entry of the Final Order.

**B.     Final Hearing Date.**

Historically, under section 366 of the Bankruptcy Code, chapter 11 debtors were able to put the onus on utility providers to argue that the debtor's proposed form of adequate assurance was insufficient.  However, as described in more detail below, section 366 of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, arguably shifts the burden onto debtors to provide adequate assurance the utility provider finds satisfactory and to seek court review if the utility provider does not accept the proposed adequate assurance.  Under this reading of revised section 366 of the Bankruptcy Code, a Utility Provider could, theoretically, on the

K&E 16264992.25

29th day following the Petition Date, announce that the Proposed Adequate Assurance is not acceptable and demand an extortionary deposit or prepayment from the Debtors and threaten to terminate utility service the next day unless the Debtors comply with the demand. While the Debtors do not concede that this is a correct reading of revised section 366 of the Bankruptcy Code, the Debtors nonetheless believes it is prudent to require Utility Providers to raise any objections to the Proposed Adequate Assurance and the proposed Adequate Assurance Procedures so that objections may be heard within the first 30 days of the Petition Date.

To resolve any objections to the Proposed Adequate Assurance and the Proposed Adequate Assurance Procedures no later than 30 days after the Petition Date, the Debtors request that the Court schedule the Final Hearing approximately 25 days after the Petition Date. The Debtors shall send notice of the Final Hearing, in substantially the form of **Exhibit 1** annexed to **Exhibit A** hereto, along with the Interim Order to all Utility Providers listed on the Utility Service List, no later than two business days after entry of the Interim Order.

### C.    Subsequent Modifications.

To the extent that the Debtors subsequently identify additional providers of utility services, the Debtors seek authority, in their sole discretion, to amend the Utility Service List to add or remove any Utility Provider. The Debtors further request that the Court make the Interim Order and the Final Order apply to any such subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List. The Debtors shall have the period specified in the proposed Adequate Assurance Procedures to seek to resolve any subsequently added Utility Provider's Additional Assurance Request by mutual agreement with the Utility Provider without further order of the Court or to schedule a Determination Hearing with the Court to determine the adequacy of assurance of payment with respect to such Utility Provider in accordance with such Adequate Assurance Procedures.

K&E 16264992.25

The Debtors request that all Utility Providers, including subsequently added Utility Providers, be prohibited from altering, refusing, or discontinuing utility services to the Debtors absent further order of the Court.

## IV.    Basis for Relief.

### A.    The Utility Providers are Adequately Assured of Payment for Future Services.

Section 366(c)(2) of the Bankruptcy Code provides that a utility provider may discontinue its services to a debtor if the debtor has not furnished adequate assurance of payment within 30 days after the petition date. Congress enacted section 366 of the Bankruptcy Code to protect debtors from utility service cutoffs upon a bankruptcy filing while providing utility companies with adequate assurance that the debtors will pay for postpetition services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. Accordingly, section 366 of the Bankruptcy Code protects debtors by prohibiting utilities from altering, refusing, or discontinuing services to a debtor solely on account of unpaid prepetition amounts for a period of 30 days after a chapter 11 filing. At the same time, it protects utilities by permitting them to alter, refuse, or discontinue service after 30 days if the debtor has not furnished "adequate assurance" of payment in a form "satisfactory" to the utility.

Section 366(c) of the Bankruptcy Code also restricts the factors that a court may consider when determining whether an adequate assurance payment is, in fact, adequate. Specifically, courts no longer may consider (a) the absence of a security deposit before a debtor's petition date, (b) a debtor's history of timely payments, or (c) the availability of an administrative expense priority when determining the amount of a deposit. Notwithstanding these changes, it does not appear that Congress intended to—or did—abrogate the bankruptcy court's ability to determine the amount of adequate assurance necessary or change the fundamental requirement that assurance of payment must simply be "adequate."

K&E 16264992.25

Thus, while section 366(c) of the Bankruptcy Code limits the factors a court can consider when determining whether a debtor has provided adequate assurance of payment, it does not limit the court's ability to determine the amount of payment necessary, if any, to provide such adequate assurance. Instead, section 366(c) of the Bankruptcy Code gives courts the same discretion in determining the amount of payment necessary for adequate assurance that they previously had under section 366(b) of the Bankruptcy Code. *Compare* 11 U.S.C. § 366(b) (2005) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* 11 U.S.C. § 366(c)(3)(a) (2005) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2).").

In addition, courts have held that section 366(b) of the Bankruptcy Code permits a court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment. *See In re Pacific Gas & Elec. Co.,* 271 B.R. 626, 644 (N.D. Cal. 2002) ("The use of the word 'may' in the second sentence [of section 366(b)] clearly contemplates that the decision of whether to order security lies with the discretion of the Bankruptcy Court."); *In re Astle,* 338 B.R. 855, 861 (Bankr. D. Idaho 2006) (In determining if a debtor has provided adequate assurance of payment to a utility, the Court is "afforded significant discretion" and must look at the facts of the case)*; Steinbach v. Tucson Elec. Power Co. (In re Steinbach)*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) (Bankruptcy Courts are afforded reasonable discretion in determining what constitutes adequate assurance including discretion to determine that no deposit or other security is necessary."); *see also Virginia Elec. & Power Co. v. Caldor Inc. N.Y.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, . . . a bankruptcy court's authority to 'modify' the level of the 'deposit or other security' provided for under § 366(b), includes the power to require 'no deposit or other security' where none is necessary to provide a

utility supplier with 'adequate assurance of payment.'").  This principle may be applicable in cases where the debtor has made prepetition deposits or prepayments for services that utilities ultimately will render postpetition.  *See* 11 U.S.C. § 366(c)(1)(A)(v) (recognizing a prepayment for postpetition services as adequate assurance).  Accordingly, even after the recent revisions to section 366 of the Bankruptcy Code, courts continue to have discretion to determine the amount of adequate assurance payments and, where appropriate, to determine that no such payment is necessary.

Finally, section 366(c) of the Bankruptcy Code, like section 366(b) of the Bankruptcy Code, requires only that a utility's assurance of payment be "adequate."  Courts recognize that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay. *See, e.g.*, *Steinbach v. Tucson Elec. Power Co. (In re Steinbach)*, 303 B.R. 634, 640-41 (Bankr. D. Ariz. 2004) ("No definition is provided in the Bankruptcy Code for what constitutes 'adequate assurance'…Adequate assurance of payment is not, however, absolute assurance.  The key to achieving the balance required by section 366 is not to confuse adequate assurance with adequate protection, which must be provided to a creditor under 11 U.S.C. § 361"); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for postpetition services."); *see also In re Caldor, Inc. N.Y.*, 199 B.R. 1, 3 (Bankr. S.D.N.Y. 1996) (section 366(b) "does not require an 'absolute guarantee of payment'"), *aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc. N.Y.*, 117 F.3d 646 (2d Cir. 1997).

Courts also have recognized that, in determining the requisite level of adequate assurance, bankruptcy courts should "focus upon the need of the utility for assurance, and to require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources."  *Virginia Elec. & Power Co.*, 117 F.3d at 650 (emphasis in original); *see*

*also In re Pacific Gas & Elec. Co.,* 271 B.R. 626, 644-45 (N.D. Cal. 2002) (upholding the bankruptcy court's finding that the debtor did not have to make a deposit because the debtor's likelihood of performance and availability of resources provided adequate assurance); *In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").  Accordingly, demands by a Utility Provider for a guarantee of payment should be refused when the Debtors' specific circumstances already afford adequate assurance of payment.

The Debtors submit that the Proposed Adequate Assurance, the Adequate Assurance Deposit Account, and the Adequate Assurance Procedures provide more than adequate assurance of future payment.  Furthermore, the Debtors expect that their revenue from continued operations, coupled with their cash on hand, will be sufficient to pay their operating costs, including utility costs, as they come due.  Moreover, the Debtors have a powerful incentive to stay current on their utility obligations because of their reliance on utility services for the operation of their businesses.  These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that the Proposed Adequate Assurance, Adequate Assurance Deposit Account, and the Adequate Assurance Procedures are more than sufficient to assure the Utility Providers of future payment.

Courts have granted similar relief to that requested herein in a number of cases.  *See, e.g.*, *In re Fili Enters. Inc.*, Case No. 10-00324 (PB) (Bankr. S.D. Cal. Jan. 11, 2010) (deeming utilities adequately assured where debtor paid deposits equal to one-half of monthly invoice and approving similar procedures); *In re Woodside Group, LLC et al.*, Case No. 08-20682 (PC) (Bankr. C.D. Cal. Sept. 19. 2008) (deeming utilities adequately assured where debtor paid deposits equal to one month and approving similar objections procedures); *In re Visteon Corp.*, Case No. 09-11786 (CSS)

(Bankr. D. Del. May 29, 2009) (deeming utilities adequately assured where the debtor established a segregated account containing the aggregate cost for two weeks of utility service); *In re Masonite Corp.*, Case No. 09-10844 (PJW) (Bankr. D. Del. Mar. 17, 2009) (same); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008) (deeming utilities adequately assured where the debtors established a segregated account containing an amount equal to 50% of the debtors' estimated monthly cost of utility service); *In re Hines Horticulture, Inc.*, Case No. 08-11922 (KJC) (Bankr. D. Del. Aug. 22, 2008) (same); *In re Pierre Foods, Inc.*, Case No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008) (same); *In re ACG Holdings, Inc.*, Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008) (same);  *In re Tropicana Ent., LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008) (deeming utilities adequately assured where the debtors provided a two-week deposit for utility services); *In re Leiner Health Prods. Inc.*, Case No. 08-10446 (KJC) (Bankr. D. Del. March 12, 2008) (deeming utilities adequately assured where the debtors established segregated account containing an amount equal to 50% of the debtors' estimated monthly cost of utility service).[4]

Moreover, if a Utility Provider disagrees with the Debtors' analysis, the Adequate Assurance Procedures will enable the parties to negotiate and, if necessary, seek Court intervention without jeopardizing the Debtors' continuing operations.

**B.      The Adequate Assurance Procedures are Appropriate.**

The Court has authority to approve the Adequate Assurance Procedures under section 105(a) of the Bankruptcy Code.  Section 105(a)  of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  The purpose of section 105(a)  of the Bankruptcy Code is "to assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in aid of

---

[4]     Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of these orders are available on request of the Debtors' counsel.

the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (15th ed. rev. 2007).

The proposed procedures are necessary in these chapter 11 cases. If they are not approved, the Debtors could be forced to address numerous requests by the Utility Providers in a disorganized manner during the critical first weeks of these chapter 11 cases. Moreover, a Utility Provider could blindside the Debtors by unilaterally deciding—on or after the 30th day following the Petition Date—that it is not adequately protected and discontinuing service or making an exorbitant demand for payment to continue service. Discontinuation of utility service could essentially shut down operations, and any significant disruption of operations could jeopardize these chapter 11 cases.

### C.    The Requirements of Bankruptcy Rule 6003 Have Been Satisfied.

Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For the reasons discussed above, it is imperative that the Debtors' Utility Providers continue to provide utility services in the ordinary course of business. Accordingly, the Debtors meet the "immediate and irreparable harm" standard of Bankruptcy Rule 6003.

### D.    Waiver of Bankruptcy Rules 6004(a) and 6004(h).

To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of a property under Bankruptcy Rule 6004(h).

### E.    The Debtors' Reservation of Rights

Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their rights to contest any utility claim or billing dispute. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's

1   order is not intended and should not be construed as an admission as to the validity of any claim or a

2   waiver of the Debtors' rights to dispute such claim subsequently.

3

4                                    *[Remainder of Page Intentionally Left Blank]*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K&E 16264992.25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.    Conclusion.

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and Final Order, substantially in the forms annexed hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested herein and granting such other further relief as is just and proper.  No prior request for the relief sought in this Motion has been made to this or any other court.

Dated: March 22, 2010
San Diego, California

/s/ *R. Alexander Pilmer*

R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California  90071
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

K&E 16264992.25

## **EXHIBIT A**

**Proposed Interim Order**

R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California  90071
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California  92101-6991

| In re: | BANKRUPTCY NO.  10-04516-LA11 |
|---|---|
| SOUTH BAY EXPRESSWAY, L.P. and CALIFORNIA TRANSPORTATION VENTURES, INC., | Date of Hearing: Time of Hearing: Name of Judge: Hon. Louise D. Adler |
| Debtors. | |

**INTERIM ORDER ON**

First Day Motion of the Debtors for Entry of an Interim Order
Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing

IT IS ORDERED THAT the relief sought as set forth on the continuation pages and numbered _____ through _____, with exhibits, if any, for a total of _____ pages, is granted.  Motion Docket Entry No. _____.

Dated:

Signature by the attorney constitutes a certification
under Fed. R. Bankr. P. 9011 that the relief on the
Order is the relief granted by the Court.

_____
Judge, United States Bankruptcy Court

Submitted by:

Kirkland & Ellis LLP
(Firm Name)

By:    *R. Alexander Pilmer*
Attorney for  ☒ Movant  ☐ Respondent

ORDER ON:  First Day Motion of the Debtors for Entry of an Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing

DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.

CASE NO:  10-04516-LA11

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an interim order (this "<u>Order</u>") determining adequate assurance of payment for future utility services, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

IT IS SO ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      Until such time as the Final Order is entered by the court, all Utility Providers are prohibited from altering, refusing, or discontinuing utility services to the Debtors on account of any unpaid prepetition charges, or discriminating against the Debtors, or requiring payment of a deposit or receipt or any other security for continued service as a result of the Debtors' Chapter 11 filing or any outstanding prepetition invoices other than as set forth in the Motion.

3.      The form of the notice of the Final Hearing annexed hereto as **Exhibit 1** (the "<u>Final Hearing Notice</u>") is approved.

4.      The Debtors shall serve a copy of the Motion, this Order, and the Final Hearing Notice on each Utility Provider listed on the Utility Service List no later than two business days after the date this Order is entered, and similarly serve a copy of the Motion, this Order, and the Final Hearing Notice on each Utility Provider subsequently added by the Debtors to the Utility Service List.

5.      The Final Hearing shall be _____, 2010 at ___:___ a.m./p.m. prevailing Pacific time. Any objections or response to the Motion shall be filed on or before _____, 2010 at ___:___ a.m./p.m. prevailing Pacific time.  If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

6.      The Debtors shall deposit the Adequate Assurance Deposit into the Adequate

---

[1]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

Assurance Deposit Account as provided in the Motion within 20 days of the Petition Date.

       7.     The following Adequate Assurance Procedures are approved on an interim basis:

      a.     If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (each, an "Additional Assurance Request") upon (i) the Debtors, South Bay Expressway, L.P., 1129 La Media Road, San Diego, California 92154, Attn.: Theresa Weekes,  and (ii) counsel to the Debtors, Kirkland & Ellis LLP, 333 South Hope Street, Los Angeles, CA   90071, Attn.: R. Alexander Pilmer, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: Chad J. Husnick and Meredith L. Shafe (together, the "Notice Parties").

      b.     Any Additional Assurance Request must:  (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past three months; (v) certify that it does not already hold a deposit equal to or greater than two weeks of utility service; (vi) certify that it currently is not paid in advance for their services; and (vii) explain why the Utility Provider believes the Debtors' Adequate Assurance is not sufficient adequate assurance of future payment.

      c.     Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have 50 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

      d.     The Debtors may, in their sole discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

      e.     If the Debtors determine that the Additional Assurance Request is

ORDER ON:  First Day Motion of the Debtors for Entry of an Interim Order Determining Adequate Assurance of Payment for Future Utility
Services and Setting a Final Hearing
DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.
CASE NO:  10-04516-LA11

not reasonable and is not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

      f.      Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Debtors' Adequate Assurance.

      g.      The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

8.      This Interim Order applies to any subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

10.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

11.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a), and the Local Bankruptcy Rules are satisfied by such notice.

12.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

K&E 16264992.25

ORDER ON:  First Day Motion of the Debtors for Entry of an Interim Order Determining Adequate Assurance of Payment for Future Utility
Services and Setting a Final Hearing
DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.
CASE NO:  10-04516-LA11

14.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

IT IS SO ORDERED.

K&E 16264992.25

## **EXHIBIT 1**

**Notice of Final Hearing**

1    R. Alexander Pilmer (CA 166196)
     **KIRKLAND & ELLIS LLP**
2    333 South Hope Street
     Los Angeles, California 90071
3    Telephone:    (213) 680-8400
     Facsimile:    (213) 680-8500
4
     James H.M. Sprayregen, P.C. (*pro hac vice* pending)
5    Marc Kieselstein, P.C. (*pro hac vice* pending)
     Chad J. Husnick (*pro hac vice* pending)
6    Meredith L. Shafe (*pro hac vice* pending)
     **KIRKLAND & ELLIS LLP**
7    300 North LaSalle
     Chicago, Illinois 60654
8    Telephone:    (312) 862-2000
     Facsimile:    (312) 862-2200
9
     Proposed Attorneys for the Debtors
10   and Debtors in Possession

11                     **UNITED STATES BANKRUPTCY COURT**
12                     **SOUTHERN DISTRICT OF CALIFORNIA**

13   In re:                                    Case No. 10-04516-LA11

14   SOUTH BAY EXPRESSWAY, L.P. and            Chapter 11
     CALIFORNIA TRANSPORTATION
15   VENTURES, INC.,[1]                        (Joint Administration Requested with
                                               Case No. 10-04518)
16                         Debtors.
                                               **NOTICE OF FINAL HEARING ON FIRST**
17                                             **DAY MOTION OF THE DEBTORS FOR**
                                               **ENTRY OF INTERIM AND FINAL ORDERS**
18                                             **DETERMINING ADEQUATE ASSURANCE**
                                               **OF PAYMENT FOR FUTURE UTILITY**
19                                             **SERVICES**

20                                             Date:    TBD
                                               Time:    TBD
21                                             Place:   The Jacob Weinberger U.S. Courthouse
                                                        Courtroom 118
22                                                      325 West F Street
                                                        San Diego, California 92101
23

24

25

26   _____
     [1]   Pursuant to section 342(c)(1) of title 11 of the United States Code, the last four digits of each debtor's federal tax
27         identification number are:  South Bay Expressway, L.P. (9083) and California Transportation Ventures, Inc. (5119).
           The location of the debtors' corporate headquarters and the debtors' service address is:  1129 La Media Road, San
28         Diego, California 91914.

**Commencement of Chapter 11 Cases**.   On March 22, 2010 (the "Petition Date"), South Bay Expressway, L. P. and California Transportation Ventures, Inc., as debtors and debtors in possession (together, the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court").

**Debtors' Adequate Assurance**.   On the Petition Date, the Debtors filed the *Notice of First Day Motion and First Day Motion of the Debtors For Entry of Interim and Final Orders Determining Adequate Assurance of Payment For Future Utility Services* [Docket No.   ] (the "Motion").   On [___], 2010, the Bankruptcy Court entered the *Interim Order Determining Adequate Assurance of Payment For Future Utility Services and Setting a Final Hearing* [Docket No. ] (the "Interim Order," annexed hereto).

**You are receiving this notice because the Final Order may affect your rights.  If you have been identified by the Debtors as a Utility Provider, the information listed for the Utility Provider receiving this notice is listed in the table below.**

| UTILITY PROVIDER | NUMBER OF ACCOUNTS | ADDRESS | TYPE OF SERVICE |
|---|---|---|---|
| San Diego Gas & Electric | 44 | P.O. Box 25111 Santa Ana, CA 92799 | Electric |
| Otay Water District | 16 | P.O. Box 51375 Los Angeles, CA 90051 | Water |
| Sweetwater Authority | 1 | P.O. Box 2328 Chula Vista, CA 91912 | Water |

K&E 16264992.25

| UTILITY PROVIDER | NUMBER OF ACCOUNTS | ADDRESS | TYPE OF SERVICE |
|---|---|---|---|
| Allied Waste Services | 1 | P.O. Box 78829<br>Phoenix, AZ 85062 | Trash |
| City of San Diego | 1 | 600 B St., Suite 1100<br>San Diego, CA 92101 | Sewer |
| Cox Communications | 1 | P.O. Box 79171<br>Phoenix, AZ 85062 | Internet; Cable |
| AT&T | 4 | P.O. Box 5019<br>Carol Stream, IL 60197 | Internet; Telephone |
| Telepacific Communications | 1 | 515 S. Flower Street<br>4th Floor<br>Los Angeles, CA 90071 | Telephone |

*[Remainder of Page Left Intentionally Blank]*

K&E 16264992.25

**The final hearing (the "Final Hearing") on the relief requested in the Motion shall occur on [____], 2010 at [____] prevailing Pacific time.**

**Pursuant to the Interim Order, any objections to the Motion must be filed by [____], 2010 at [____] prevailing Pacific time.**

**Neither the Debtors' counsel nor the Office of the Clerk of the Bankruptcy Court can give you legal advice. You may wish to consult an attorney to protect your rights.**

Dated: [DATE], 2010
      San Diego, California

/s/ DRAFT
R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California  90071
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

## <u>EXHIBIT B</u>

**Proposed Final Order**

R. Alexander Pilmer (CA 166196)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

James H.M. Sprayregen, P.C. (*pro hac vice* pending)
Marc Kieselstein, P.C. (*pro hac vice* pending)
Chad J. Husnick (*pro hac vice* pending)
Meredith L. Shafe (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Proposed Attorneys for the Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In re: | BANKRUPTCY NO. 10-04516-LA11 |
|---|---|
| SOUTH BAY EXPRESSWAY, L.P. and CALIFORNIA TRANSPORTATION VENTURES, INC., | Date of Hearing: |
| Debtors. | Time of Hearing: |
| | Name of Judge: Hon. Louise D. Adler |

## FINAL ORDER ON

First Day Motion of the Debtors for Entry of a Final Order
Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing

IT IS ORDERED THAT the relief sought as set forth on the continuation pages and numbered _____ through _____, with exhibits, if any, for a total of _____ pages, is granted. Motion Docket Entry No. _____.

Dated:

Signature by the attorney constitutes a certification
under Fed. R. Bankr. P. 9011 that the relief on the
Order is the relief granted by the Court.

_____
Judge, United States Bankruptcy Court

Submitted by:

Kirkland & Ellis LLP
_____
(Firm Name)

By: *R. Alexander Pilmer*
_____
Attorney for ☒ Movant ☐ Respondent

ORDER ON: First Day Motion of the Debtors for Entry of an Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing

DEBTORS: South Bay Expressway, L.P. and California Transportation Ventures, Inc.

CASE NO: 10-04516-LA11

---

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") determining adequate assurance of payment for future utility services, all as more fully set forth in the Motion; the Court having entered the Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing [Docket No. ] (the "Interim Order"); and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

IT IS SO ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The following Adequate Assurance Procedures are approved in all respects. Absent compliance with the following Adequate Assurance Procedures, the Utility Providers are forbidden to alter, refuse, or discontinue service on account of any prepetition amounts outstanding, or require additional assurance of payment other than the Proposed Adequate Assurance.

> a.      If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (each, an "Additional Assurance Request") upon (i) the Debtors, South Bay Expressway, L.P., 1129 La Media Road, San Diego, California 92154, Attn.: Theresa Weekes,  and (ii) counsel to the Debtors, Kirkland & Ellis LLP, 333 South Hope Street, Los Angeles, CA  90071, Attn : R. Alexander Pilmer, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois  60654, Attn.: Chad J. Husnick and Meredith L. Shafe (together, the "Notice Parties").

> b.      Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided;

---

[1]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

2

(iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past three months; (v) certify that it does not already hold a deposit equal to or greater than two weeks of utility service; (vi) certify that it currently is not paid in advance for its services; and (vii) explain why the Utility Provider believes the Debtors' Adequate Assurance is not sufficient adequate assurance of future payment.

c.    Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, Debtors shall have 20 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

d.    The Debtors may, in their sole discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

e.    If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

f.    Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Debtors' Adequate Assurance.

3

ORDER ON:  First Day Motion of the Debtors for Entry of an Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing
DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.
CASE NO:  10-04516-LA11

       g.      The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

3.      A Utility Provider shall be deemed to have adequate assurance of payment unless and until (a) the Debtors, in their sole discretion, agree to (i) an Additional Assurance Request, or (ii) an alternative adequate assurance payment with the Utility Provider during the Resolution Period; or (b) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

4.      The Debtors' Proposed Adequate Assurance is hereby approved on a final basis and is deemed adequate assurance of payment as such term is used in section 366 of the Bankruptcy Code.

5.      The Debtors are authorized, in their sole discretion, to amend the utility service list, annexed as **Exhibit C** to the Motion (the "Utility Service List"), to add or delete any Utility Provider, and this Final Order shall apply to any such Utility Provider that is subsequently added to the Utility Service List.

6.      The Adequate Assurance Deposit requested by, and deposited into the Adequate Assurance Deposit Account on behalf of, any Utility Provider shall be returned to the Debtors by no later than the earlier of the five business days following the date upon which (a) a plan of reorganization is confirmed in these chapter 11 cases and (b) the Debtors provide notice to a Utility Provider that services provided to the Debtors by such Utility Provider no longer will be needed.

7.      Nothing in the Motion or this Order, nor as a result of the Debtors' payment of any claim or invoice of a Utility Provider pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

8.      The Debtors shall serve a copy of this Final Order on each Utility Provider listed on the Utility Service List within two business days of the date of this Final Order is entered, and shall promptly serve this Final Order on each Utility Provider subsequently added by the Debtors to the Utility Service List.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a), and the Local Bankruptcy Rules are satisfied by such notice.

10.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

ORDER ON:  First Day Motion of the Debtors for Entry of an Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing

DEBTORS:  South Bay Expressway, L.P. and California Transportation Ventures, Inc.

CASE NO:  10-04516-LA11

---

12.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

IT IS SO ORDERED.

K&E 16264992.25

# **EXHIBIT C**

**Utility Service List**

| UTILITY PROVIDER | NUMBER OF ACCOUNTS | ADDRESS | TYPE OF SERVICE |
|---|---|---|---|
| San Diego Gas & Electric | 44 | P.O. Box 25111 Santa Ana, CA 92799 | Electric |
| Otay Water District | 16 | P.O. Box 51375 Los Angeles, CA 90051 | Water |
| Sweetwater Authority | 1 | P.O. Box 2328 Chula Vista, CA 91912 | Water |
| Allied Waste | 1 | P.O. Box 78829 Phoenix, AZ 85062 | Trash |
| City of San Diego | 1 | 600 B St., Suite 1100 San Diego, CA 92101 | Sewer |
| Cox Communications | 1 | P.O. Box 79171 Phoenix, AZ 85062 | Internet; Cable |
| AT&T | 4 | P.O. Box 5019 Carol Stream, IL 60197 | Internet; Telephone |
| Telepacific Communications | 1 | 515 S. Flower Street 4th Floor Los Angeles, CA 90071 | Telephone |