John L. Smaha, Esq.     Bar No. 95855
Gustavo E. Bravo, Esq.  Bar No. 218752
**SMAHA LAW GROUP, APC**
7860 Mission Center Court, Suite 100
San Diego, California 92108
Telephone:  (619) 688-1557
Facsimile:  (619) 688-1558

Attorneys for Debtor, Sargent Ranch, LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SARGENT RANCH, LLC | CASE NO. 10-00046-PB11<br><br>Chapter 11<br><br>APPLICATION FOR EMPLOYMENT OF THE WATLEY GROUP, LLC |

The application of Sargent Ranch, LLC, Debtor and Debtor-in-Possession herein ("Debtor"), respectfully represents:

1.  On January 4, 2010, the Debtor commenced the above-captioned Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of California.

2.  The Debtor wishes to employ The Watley Group, LLC ("Watley") to act as the exclusive investment banker to the Company during the period of its engagement. Watley shall provide Debtor and the bankruptcy estate significantly valuable services by doing the following:

    a.  Provide Anthony Bryan, Jr., as CEO for the Debtor during the period of this engagement.

///

b.  Watley will also provide Senior Managing Director Laurent Nuyens, Senior Managing Director Steve Durbin, and Managing Director Chris Olin to support Mr. Bryan and perform investment banking, financial modelling, and consulting services during the period of this engagement.

c.  Mr. Bryan might engage Levene, Neale, Bender, Ranking & Brill, LLP "LNBRB") as special bankruptcy counsel to work in conjunction with the existing legal team Smaha Law Group in the United States Bankruptcy Court for the District of Southern California. Such engagement would, of course, be made by separate motion.

d.  Mr. Bryan might also engage counsel Affeld Grivakis Zucker LLP to work on litigations against lender, to negotiate with Bridgeport Management, Inc., and work with the Smaha Law Group in the United States Bankruptcy Court for the District of Southern California. Such engagement would, of course, be made by separate motion.

e.  Mr. Bryan will work with counsel to communicate and negotiate with creditors.

f.  Watley will develop a strategic plan with the Debtor's senior management, directors and consultants. This will be followed by the necessary market analysis to help validate the Debtor's strategic plan and operating strategy.

g.  Watley will advise and assist the Debtor to execute the resulting tactical plan by recommending to the Company the necessary organizational structure, personnel, and assignment of responsibilities. Watley will analyze and quantify alternative structures for equity and/or debt or equity-like structures that will met the Debtor's cash needs in accordance with the agreed business plan of the Debtor.

///

    h.    Watley will prepare and update a Financial Plan designed to optimize the value of the Debtor.

    i.    Watley will engage a public relations consultant(s) to create a plan which corrects misconceptions about Mr. Wayne F. Pierce, the past business of the Debtor and future plans for the Debtor.

    j.    Watley will use its best efforts to raise an amount of capital between $10,000,000 and $20,000,000 in one or more series of Debtor in Possession loan on terms conditions acceptable, and subject to the approval of the Company and the Bankruptcy Court. A detailed budget and offering memorandum shall be prepared and will include the administrative costs of Watley as well as post petition salaries of all the Company's employees plus all approved expenses. The budget shall also include consultants, lawyers, and experts. In the event no Debtor in Possession financing offers are received, the agreement with Watley shall be terminated after a period of 120 days unless otherwise agreed to in writing.

    k.    Watley will help manage the process of negotiations and documentation leading up to the completion of any financing during the period of exclusivity.

    l.    Watley will review for the Debtor any placement documents necessary to distribute to investors.

    m.    Watley will advise and assist the Debtor in evaluating acquisitions or disposal of assets. Watley will perform the necessary analysis, prepare offering or sale documents, and negotiate the acquisition or disposal terms.

    n.    Watley will be granted observation rights for any and all meetings of the Board of Directors of the Debtor.

///

3. Debtor has chosen Watley for its experience in assisting companies involved in a turnaround, restructuring or reorganization. Watley is a private international merchant banking firm specializing in helping client companies in mergers and acquisitions; developing, articulating and communicating a corporate strategic plan; and, preparing and executing a supporting financial plan designed to optimize value for shareholders and investors. Watley also provides consulting services including CEO coaching, transition management consulting, and recommending necessary organization and assignment of responsibilities for the execution of strategic plans. Watley further provides real estate consulting to help principals realize maximum values with their real estate holdings. Previous clients have included major real estate developers, financial institutions and high net worth individuals. Watley has also previously prepared companies for a public offering where appropriate, and recommending the optimum composition and function of a board of directors, designing optimum rules of corporate governance and board committee creation. As shown by the various curriculum vitae attached to the declaration of Mr. Bryan, Watley's principals are experienced in the various elements essential to the successful operation of companies. They have direct managerial experience as CEO's, Senior Officers and Directors of Fortune 50 companies as well as, small, private and public companies in various industries. Watley has an extensive network of institutional investors interested in participating in the financing of companies based upon their recommendation, investment and involvement.

4. The representation agreement that Debtor intends to enter into with Watley is attached hereto as Exhibit A. In return for the services described above, Debtor and Watley have agreed to the following terms, subject to court approval:

    a. The initial term of this engagement is for a period of one years or until the effective date of a plan of reorganization, whichever first occurs.

    b. The Company shall pay to Watley a post-petition retainer of $100,000 from Debtor-In-Possession Loans subject to the approval of the Bankruptcy Court when such Debtor-In-Possession loans are obtained.

      c.      During the period of this engagement, Debtor shall pay a monthly consulting fee of $50,000 from Debtor-In-Possession Loans, again, subject to court approval prior to disbursement.

      d.      Watley shall manage the process of raising capital and shall negotiate with all interested potential lenders and investors for Debtor-In-Possession Loans as well as permanent financing. With regard to any equity, debt, or Debtor-In-Possession finacing received by the Debtor, the Debtor will pay Watley a cash fee equal to five and one quarter percent (5 1/4%) of the aggregate gross proceeds received by the Debtor. Watley would use a portion of those fees (up to 2 1/4% of the gross proceeds) to pay finder's fees to individuals or corporations that are instrumental in raising the Debtor-in-Possession financing for the Debtor. The total amount and allocation of the finders fees will be at the sole discretion of Watley. Finders fees and the amounts paid will be disclosed to the Debtor and the Bankruptcy Court.

      e.      Watley will be reimbursed for all reasonable travel and out-of-pocket expenses incurred directly related to the agreement.

      f.      In regards to services related to acquisitions and/or disposals of property, Watley shall receive a 2% fee. Watley may also agree to pay up to an additional 2% to brokers or third parties related to acquisitions and/or disposals of assets, all subject to the approval of the Bankruptcy Court.

5.    Under 11 USC Section 327(a), a trustee or a debtor-in-possession, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested person, to represent or assist the trustee in carrying out the trustee's duties under this title." Generally, a hearing is not required on such matters and the Local Rules for the United States Bankruptcy Court for the Southern District of California provides

a procedure by which a trustee and/or a debtor-in-possession can employ a professional after submitting the application to the United States Trustee for a statement of position (See Local Rules Rule 2014 and 9034-1). Typically, a debtor's employment of professionals and other business decisions are given a presumption as to the Debtor's reasonable business judgment and can only be challenged in instances where clear violations exist (See *In re U.S. Airways, Inc.*, 329 B.R. 793, 797 (Bankr.E.D.Va.2005); *In re Allied Holdings, Inc.*, 337 B.R. 716, 721-722 (Bankr.N.D.Ga.2005); *Aerovox*, 269 B.R. at 81; *In re Am. W. Airlines, Inc.*, 171 B.R. 674, 678 (Bankr.D.Ariz.1994). In the instant matter, the Debtor has chosen Watley as it believes that its assistance and direction will lead to the Debtor's best opportunity for a reorganization. The Debtor would respectfully request that the Court respect the Debtor's business judgment and approve the employment of Watley. The Debtor is setting this matter for hearing due to the fact that the Court previously requested that the court notice the application for the commercial brokerage firm of Cassidy Turley.

6. To the best of the Debtor's knowledge, Watley and its professionals have no connection with the creditors or any other parties in interest or their respective attorneys and represent no interest materially adverse to the Debtor as Debtor-in-Possession or to the estate in the matters upon which they are to be engaged as real estate agents and/or brokers. Watley is not a creditor of the bankruptcy estate. Watley understands that it will not be compensated for post-petition services except by application to this Court and an order allowing such compensation.

WHEREFORE, Debtor prays to be authorized pursuant to 11 U.S.C. §327(a), to employ and appoint Watley to represent the Debtor as Debtor-in-Possession as the Debtor's exclusive investment banker as reflected on Exhibit A, subject to review and approval by the Bankruptcy Court.

Dated: /S/ John L. Smaha
John L. Smaha, Esq.
Bankruptcy Counsel for
Sargent Ranch, LLC

W:\Sargent Ranch\Whatley Group App to Employ\100.App.Employ.Watley.wpd

# EXHIBIT A

# AGREEMENT

# BETWEEN

# SARGENT RANCH, LLC

# AND

# THE WATLEY GROUP, LLC

THIS AGREEMENT is entered into as of the 29th day of June 2010, by and among the following parties (hereinafter collectively referred to as the "Parties");

Sargent Ranch LLC, a California LLC;

AND

The Watley Group, LLC, a California limited liability company;

## RECITALS

Whereas, Sargent Ranch LLC (the "Company) is presently under Chapter 11 bankruptcy proceedings filed in the Southern District of California; and whereas the Company was created, amount other things, to engaged in real estate development and sales activities that include, but are not limited to, construction grade aggregates, liquid asphalt, solar energy facilities, wind energy facilities, special species habitat mitigation credit sales business, riparian habitat mitigation credit sales business, as well as, other commercial, industrial and residential uses, from the approximately 5,200 acres located in Santa Clara County, California;

AND

Whereas, The Watley Group, LLC, (hereinafter referred to as "Watley") is a management consulting firm specializing in investment banking services, restructuring companies in Chapter 11, providing crisis management services, developing and implementing corporate strategy and has expertise and relationships that will assist the Company to raise additional capital and achieve its business plan;

NOW THEREFORE, for good and valuable consideration, the Parties, intending legally to be bound, hereby agree as follows:

1

## SERVICES

1. Watley will act as the exclusive investment banker to the Company during the period of this engagement.

2. Watley will provide Anthony Bryan Jr. as CEO (or Managing Member) for the Company during the period of the engagement.

3. Watley will also provide Senior Managing Director Laurens Nuyens, Senior Managing Director Steve Durbin, and Managing Director Chris Olin to support Mr. Bryan and perform investment banking, financial modelling, and consulting services during the period of the engagement.

4. Mr. Bryan might engage Levene, Neale, Bender, Rankin & Brill, LLP ("LNBRB") as special bankruptcy counsel to work in conjunction with the existing legal team SMAHA LAW GROUP in the United States Bankruptcy Court for the District of San Diego, California.

5. Mr. Bryan will also engage counsel Affeld Grivakis Zucker LLP 12400 Wilshire Boulevard, Suite 1180 Los Angeles CA to work on litigation against lenders, to negotiate with Bridgeport Management Inc, and work with SMAHA LAW GROUP in the United States Bankruptcy Court for the Southern District of California.

6. Mr. Bryan will work with counsel to communicate and negotiate with creditors.

7. Watley will develop a strategic plan with the Company's senior management, directors, and consultants. This will be followed by the necessary market analysis to help validate the Company's strategic plan and operating strategy.

8. Watley will advise and assist the Company to execute the resulting tactical plan by recommending to the Company the necessary organizational structure, personnel, and assignment of responsibilities. Watley will analyse and quantify alternative structures for equity and/or debt or equity-like structures that will meet the Company's cash needs in accordance with the agreed business plan of the Company.

9. Watley will prepare and update a Financial Plan designed to optimize value of the Company.

2



10. Watley will engage PR consultants to create a plan which corrects misconceptions out there about "Pierce," the past business of Sargent Ranch, and future plans for the Company.

11. Watley will use its best efforts to raise an amount of capital between $10,000,000 and $20,000,000 in one or more series of Debtor in Possession loans (the "DIP Loans") on terms and conditions acceptable to, and subject to the approval of the Company and the United States Bankruptcy Court for the Southern District of California. A detailed budget and offering memorandum shall be prepared and will include the administrative costs of Watley as well as post petition salaries of all the Company's employee plus all approved expenses. The budget shall also include consultants, lawyers, and experts, In the event no DIP financing offers are received, this agreement shall be terminated after a period of 120 days unless otherwise agreed in writing.

12. Watley will help manage the process of negotiations and documentation leading up to the completion of any financing during the period of exclusivity referred to in paragraph 1 above.

13. Watley will review for the Company any placement documents necessary to distribute to investors.

14. Watley will advise and assist the Company in evaluating acquisitions or disposals of assets. Watley will perform the necessary analysis, prepare offering or sale documents, and negotiate the acquisition or disposal terms.

15. Watley will be granted observation rights for any and all meetings of the Board of Directors of the Company.

TERM, CONDITIONS, FEES, AND PAYMENTS

1. The initial term of this engagement is for a period of one year or until the effective date of a plan of reorganization, whichever first occurs.

2. The Company shall pay to Watley a post-petition retainer of $100,000 from the DIP Loans.

3. During the period of this engagement, the Company will pay a monthly consulting fee of $50,000 from the DIP Loans.

4. Watley shall manage the process of raising capital and shall negotiate with all interested potential lenders and investors for DIP Loan(s) as well as permanent financing. In regard to any equity/debt/or DIP financing

3



received by the Company during the term of this agreement, the Company will pay Watley a cash fee equal to five and one quarter percent (5.25%) of the aggregate gross proceeds received by the Company. Watley intends to use a portion of the fee (up to 2.25% of the gross proceeds) to pay finder's fees to individuals or corporations that have been instrumental in raising the DIP financing for the Company (hereinafter referred to as "Finders Fees"). The total amount and allocation of the Finders Fees will be at the sole discretion of Watley. To the extent that any Finders Fees are paid to Affiliated Parties, such fees will be subsequently disclosed.

5. Watley will be reimbursed for all reasonable travel and out-of-pocket expenses incurred directly related to this agreement.

6. In regard to services related acquisitions and disposals in number 14 above, Watley shall receive a 2% fee. Watley also reserves the right to pay up to an additional 2% to brokers or third parties related to acquisitions and disposals in number 14 above.

## CONFIDENTIALITY

Watley acknowledges and agrees that it will receive and become aware of certain information which is proprietary to the Company, including, without limitation, prices, costs, personnel, knowledge, data and techniques, other non-public information concerning the business or finances of the Company, and other information the disclosure of which might harm or destroy the competitive advantage of the Company (all of the foregoing shall hereinafter be referred to as the "Proprietary Information"). Notwithstanding the foregoing, the Proprietary Information shall not include any information which is generally known or becomes part of the public domain through no fault of Watley, or is required to be disclosed in the context of any administrative or judicial proceeding.

Watley agrees that it will not, directly or indirectly, disclose any Proprietary Information to third parties, copy or use any Proprietary Information, or publish any Proprietary Information, except for the purpose of fulfilling its obligations to the Company.

## INDEMNIFICATION

Except as may be prohibited by applicable law, the Company shall indemnify and hold harmless Watley including each member, Executive Committee member and officer thereof, their respective partners, officers, directors, shareholders and trustees and the partners, officers, directors, shareholders and trustees of such parties and in the discretion of the Executive Committee, may indemnify and hold

4

harmless any Affiliate thereof, and any employee or agent of, or adviser to, each member, Executive Committee member and officer, and their respective Affiliates (such Persons, to the extent they are required to be indemnified hereunder or are provided indemnity hereunder by the Executive Committee, are herein collectively referred to as "Indemnified Parties") from and against any and all losses, claims, demands, costs, damages, liabilities, expenses of and nature (including reasonable attorneys' fees and expenses), judgments, fines, settlements and other amounts (collectively, the "Liabilities") arising from, or related or incidental to, any and all claims, demands, actions, suits or proceedings, civil, criminal, administrative or investigative, in which such Indemnified Party may be involved, or threatened to be involved, as a party or otherwise, and arising out of or related to this agreement or the services to be provided by Watley under this Agreement.

This Agreement shall constitute the whole and entire agreement of the parties hereto with respect to the matters set forth herein and shall not be modified or amended in any respect.

This Agreement is governed by and to be construed in accordance with the laws of the State of California without regard to conflict of laws principles.

So Agreed:

_____
Anthony J. A. Bryan, Jr.
The Watley Group, LLC
Chief Executive Officer
June 29th, 2010

_____
Name:
Wayne Pierce
Managing Member
Sargent Ranch, LLC
June 29th, 2010

5